# Green & Sons, *et al.* *v.* Lineville Drug Company.

*Breach of Contract.*

(Decided March 2, 1907.  43 So. Rep. 216.)

1. *Evidence; Judicial Knowledge; Location of Cities.*—The courts take judicial notice of the fact that a certain city or town in the State is not on a railroad.

[Green & Sons, et al. v. Lineville Drug Company.]

2. *Sales; Action for Price; Pleading.*—A plea setting up that the contract required shipment at once but that plaintiff delayed shipment for several days does not disclose as a matter of law an unreasonable delay.

3. *Same; Plea; Sufficiency.*—A plea to an action for the price of goods sold, that plaintiff failed to comply with the contract of sales in that he did not ship and deliver the goods as called for by the contract and that defendant was ready and willing to comply with the contract was not demurrable as amounting to no more than the general issue.

4. *Same.*—A plea setting up that the plaintiff agreed to ship the goods C. O. D. at L. but instead of doing so shipped them to O. is not demurrable as not showing a failure of the seller to comply with the contract.

5. *Same.*—A plea setting up the promise of the selling agent that the goods were to be delivered within ten days and failure to fulfill it and that if the promise had not been made defendant would not have signed the contract is not demurrable.

6. *Same; Default of Seller; Damages.*—The damages which are recoverable by way of recoupment or set off for failure to deliver goods sold are the natural and necessary consequences of the breach flowing directly therefrom and such as are within the contemplation of the parties and such damages only are recoverable.

APPEAL from Clay Circuit Court.

Heard before Hon. JOHN PELHAM.

Action by Robert M. Green & Sons and others against the Lineville Drug Company. From a judgment in favor of defendant, plaintiffs appeal. Reversed and remanded.

Action for damages for breach of contract. The contract is set out in the opinion, and is a part of the complaint in each instance. The breach alleged is a refusal of the defendant to accept the goods shipped under the contract. Demurrers were interposed to the complaint, and sustained, whereupon the complaint was amended to meet the defects pointed out by the demurrers, and defendant filed the following pleas:

"(2) That plaintiff failed to comply with the terms of said contract, and himself breached said contract, in this: That he did not ship and deliver the alleged articles as called for by said contract, but failed or refused

8 R

to do so, though the defendant was ready and willing at all times to comply with the terms of said contract.

"(3) By the terms of said contract plaintiff agreed to ship at once, by payment of $130 on delivery of goods at Lineville, Ala., but, notwithstanding these terms, plaintiff did not ship said apparatus until after, to-wit, seventeen days, and failed and refused to deliver said goods at the stipulated price, $130, on arrival of goods at Lineville, but, on the contrary, shipped them to Oxford, Alabama, with bill of lading attached, so that defendant could not get possession of same without paying the stipulated price, $130, in Oxford, Ala., though the said plaintiff well knew that said payment was not to be made under the contract until arrival of goods at Lineville, and plaintiff never fulfilled this part of the contract, but refused to comply with same requiring payment at Oxford before goods reached Lineville, and by this breach of the contract, plaintiff prevented the defendant from getting the apparatus according to contract."

"(5) Defendant, for further plea, says that plaintiff knew at the time of contract that defendant bought the apparatus for use in connection with its drug business, and it further avers that the said plaintiff refused to comply with the contract, in that they failed to ship apparatus according to the terms of contract, and refused to let defendant have the same unless on payment of $130, made in Oxford, Ala., before goods were allowed to be taken from the railroad station there, when plaintiff well knew that payment of said money was not due until arrival of goods at Lineville; that by this failure of plaintiff to comply with the contract, defendant sustained the following damages, to-wit: (Here follows an itemized statement.) All of which were lost to defendant by plaintiff's failure to perform the contract, and he here offers to recoup said damages against the alleged demand of the plaintiff and asks damages for the excess."

"(7) Defendant, for further plea and answer to said complaint, says that the selling agent of said plaintiff represented to defendant that he could and would have the said apparatus shipped out at once, and that plain-

tiff would have same delivered in 10 days; and defendant further says that, relying upon these statements, he signed said contract, and that the said agent, by making said statements, which were not true, induced defendant to sign the contract, which he would not otherwise have done."

Demurrers were filed to these pleas as follows: "To all the pleas separately, because said pleas are not answers to plaintiff's complaint. (2) Because the matters set up therein improperly invade the province of the jury. (3) Because they tender an immaterial issue. (4) Because they contain matters which seek to vary add to, or contradict the written contract upon which plaintiff sues. (5) They are the conclusions of the pleader. (6) They seek to construe the witten contract upon which plaintiff sues. And to the fifth plea specially, because the damages sought to be recouped are too remote; because the items of damage are not shown to have resulted proximately from the alleged breach of said contract by plaintiff; because each item of alleged damage cannot be ascertained by proof."

The trial resulted in judgment for defendant and plaintiff appeals.

WALTER B. SMITH, for appellant.—The court erred in overruling plaintiff's demurrers to plea 2.—*Wilkinson v. Mosley*, 30 Ala. 562; *Adams v. McMillan*, 7 Port. 75. A plea which purports to answer the whole complaint but fails to answer any material portion thereof is bad on demurrer.—*White v. Yarbrough*, 16 Ala. 109; *Mills & Co. v. Stewart*, 12 Ala. 90. On breach of the contract plaintiff is entitled to at least nominal damages.—*Treadwell v. Tillis*, 108 Ala. 262. The failure or refusal to perform an obligation assumed expressly or by implication or the voluntarily abandonment of the contract releases the obligee from the duty of making demand and performance or tender and justifies him in abandoning the contract, and an immediate right of action for the breach.—7 A. & E. Enc. of Law, 150; *Clark v. Marsiglia*. 1 Den. 317; *W. v. Johnson*, 21 Vt. 21. Plea 2 was subject to the demurrer interposed and the court erred in overruling it.—*Stenvenson v. Wright*, 111 Ala.

[Green & Sons, et al. v. Lineville Drug Company.]

579. The court erred in overruling plaintiff's demurrer to plea 3.—2 Parson's Contr. p. 775; *Sharpe v. Johnson,* 41 How. Prac. 400; *McFadden v. Henderson,* 128 Ala. 221; *Oak Extract Co. v. Ryan,* 104 Ala. 267; *Comer v. Way,* 107 Ala. 301; *Griffin v. Ogletree,* 114 Ala. 344. The refusal to receive dispenses with the necessity for further tender of delivery giving cause of action for recovery of damages resulting from the breach.—*Schleicher v. Montgomery Light Co.,* 114 Ala. 228. It was not necessary that the fountain be delivered to defendants to bind them to pay for it. The sale of a chattel is complete when the terms of the sale are agreed upon though the chattel is to remain with the vendor until paid for. —*Montgomery Furn. Co. v. Hardaway,* 104 Ala. 113; *Brandon Printing Co. v. Bostwick,* 126 Ala. 253; *Robinson v. Pogue,* 86 Ala. 257; *Jones v. Brewer,* 79 Ala. 545; *Pilgreen v. The State,* 71 Ala. 368. The court erred in overruling plaintiff's demurrer to plea 5.— 4 Mayf. p. 480. The court erred in overruling the demurrer to plea 7.—*Thomason v. Gill,* 30 Ala. 444; *Carter v. Beck,* 40 Ala. 399; *Melton v. Watkins,* 24 Ala. 433.

E. J. GARRISON, for appellee.—The court did not err in rendering judgment against the surety for cost as proper motion was made.—Sec. 1351, Code 1896; *Dow Wire Wks. Co. v. Englehart,* 136 Ala. 608.

HARALSON, J.—This was an action for damages for an alleged breach of contract, in refusing to accept certain goods ordered by defendant from the plaintiff. To the complaint, the defendant filed seven pleas, and the plaintiff interposed demurrers to the second, third, demurrers to the fourth and sixth pleas, but overruled fourth, fifth, sixth and seventh. The court sustained demurrers to the 4th and 6th pleas, and overruled those to the second, third, fifth and seventh pleas. The overruling of the demurrers to these last pleas is assigned as error. The second plea is nothing more than the general issue, and the court did not err in overruling the demurrer to it. The third plea sets up delay in shipment of the goods, and also claims, that the plaintiff broke the contract by shipping the goods to Oxford,

Alabama, with bill of lading attached, so that defendant could not get possession of same without paying the stipulated price of one hundred and thirty ($130.00) dollars in Oxford, while the written contract stated that the payment was not to be made until the arrival of goods at Lineville. The contract, which is attached as an exhibit to the complaint, shows that the defendant ordered the goods shipped to Oxford, Alabama, and the court judicially knows that Lineville, Alabama, was not on a railroad. The contract is not at all plain as to when the goods were to be paid for. The record does not show whether the contract, which was in the form of an order, was partly in print and partly in writing, nor, if so, what part of it was in writing and what part was printed. As copied in the transcript, however, there is some indication that the instrument was at first a blank order of some kind, which was filled out. Part of it is as follows:

### "Terms and Conditions."

"$—— paid on signing hereof; $—— upon receipt of bill of lading: $——. This is to be delivered at this price $130.00, on arrival of goods at Lineville —— until the total sum of $—— is paid. Settlement to be made by notes bearing 6 per cent. interest, and by your regular agreement securing title to your firm against all third partis, all of which I (or) we agree to execute on receipt of bill of lading, or in default of such settlement, your firm may, at your option, declare the whole amount due and payable."

From this somewhat indefinite and contradictory language in the contract as to terms, it is impossible to say whether or not the defendant was to pay the $130.00 on the arrival of the goods at Lineville, or whether the defendant was to execute notes for said amount on receipt of the bill of lading. The third plea sets up a delay of 17 days in making the shipment and that plaintiff shipped the goods in such a way that defendant could not get possession of same, without paying the stipulated price, at Oxford. Under the facts alleged in the plea, the court could not have held, as a matter of

law, that 17 days was an unreasonable delay; but the shipment of the goods in such way that plaintiff could not get possession of them until he had paid the stipulated price, in Oxford, was evidently not in compliance with the terms of the contract, and the plea was not subject to any of the grounds of demurrer interposed to it.

Defendant's fifth plea is bad. None of the damages claimed therein by way of set-off or recoupment, are recoverable in a case of this kind, and the demurrers to it should have been sustained.—*Ala. Chemical Co. v. Geiss,* 143 Ala. 591, 39 South. 255.

The plea numbered 7, at most, sets up the unfulfilled promise of the selling agent of the plaintiff that the goods would be delivered within ten days, and avers that if this promise had not been made the defendant would not have signed the contract. This plea is not subject to any of the grounds of demurrer interposed to it, and the demurrer was properly overruled.

Since the case must be reversed, it is unnecessary for this court to pass upon the sixth assignment of error.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.