**CHAPMAN v. STATE ex rel. MOTHERSEAD.**

No. 17934. Opinion Filed Jan. 24, 1928.

(Syllabus.)

1. Banks and Banking—Insolvent State Bank—Burden of Proof on Record Owner of Shares to Escape Stockholders' Liability.

Where the record owner of shares of

capital stock of an insolvent state bank seeks to escape liability under section 4177, C. O. S. 1921, under the theory that he has sold and transferred his stock, the burden is upon him to establish: (1) That he had sold such stock; (2) that he had performed every duty which the law imposed upon him in order to secure the transfer on the books of the bank of the ownership shares of stock; and (3) that he had performed these required acts at a time more than one year prior to the date of insolvency of the bank.

## 2. Evidence—Presumption as to Receipt of Mail.

Receipt of mail at a particular time cannot be presumed, in the absence of proof of the course of the mails together with the date of mailing.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by State, on relation of Bank Commissioner, against W. L. Chapman to recover liability based on ownership of stock of insolvent state bank. Judgment for plaintiff, and defendant appeals. Affirmed.

Arrington & Evans, for plaintiff in error.

Brown, Brown & Williams, for defendant in error.

RILEY, J. This action at law was filed by the state on relation of the acting Bank Commissioner to recover from W. L. Chapman a liability based on the ownership of capital stock of the par value of $1,000 of the failed First State Bank of Orr.

The defendant below defended under the allegation that he had sold and transferred his stock, and had not been the owner of any stock in that bank for more than one year prior to the failure. The judgment was that Chapman was liable in the amount claimed.

The assignments of error may all be considered under the one query as to whether there was any competent evidence reasonably tending to support the judgment rendered.

The trial court made findings of fact, the seventh paragraph of which is attacked by the appellant. It is:

"I am unable to find from the evidence that the defendant, W. L. Chapman, had sold his stock or that he had requested the bank to transfer the same in accordance with the by-laws of said bank, before January 22, 1923."

The fourth paragraph of the finding of fact was as follows:

"I find that on January 22, 1924, O. B. Mothersead. Bank Commissioner, made an order declaring said bank insolvent. * * *"

The sole question involved is whether appellant presented enough proof to discharge the presumption that he was the owner of the stock within one year prior to the date of insolvency, to wit, January 22, 1924. Such presumption arises by reason of the fact that appellant's name appeared on the books of the bank as being the owner of the stock. State v. Ware, 82 Okla. 133, 198 Pac. 862.

The evidence established the following facts: Chapman was the owner of ten shares of stock in the First State Bank of Orr; he sold this stock to one D. L. Avery; on January 19, 1923, he mailed this stock by registered mail from Shawnee to F. G. Goodman, cashier of the First State Bank of Orr at Orr, Okla., together with the request that it be assigned to Avery and returned to appellant (Chapman); on January 22, 1923, exactly one year before the bank became insolvent, he again wrote Goodman at Orr and requested that the stock be sent to Avery at Eagle Pass, Tex.; that neither of these letters were returned to him, but that appellant did receive a registry receipt signed by Goodman; the date was not given; that appellant had no knowledge that the stock had not been transferred on the books of the bank; that he received $1,000 for the stock from Avery.

This action is based on section 4177, C. O. S. 1921, which reads as follows:

"Any owner of any of the shares of the capital stock of any banking corporation may make disposition of such shares by written assignment indorsed upon the certificates of stock and by delivery of the same, but no such assignment shall be effectual to transfer the title to such shares of stock until the same are transferred upon the stock books of the corporation. Any shareholder who shall sell, assign, or in any manner dispose of his shares of stock, shall in the event of the insolvency of such corporation, continue to be liable thereon jointly with the owner thereof, to the extent of the liability of such owner, for a period of one year from the date of the transfer of such shares upon the books of such corporation, or until the bank has been examined and the sale approved by the State Bank Commissioner."

To escape liability, since the stock stood in his name on the books, the burden was upon Chapman, under his defense, alleged, to prove that he had sold the stock and that he had performed every duty which the law imposed upon him in order to secure the transfer on the books of the bank, and that

he had performed these acts more than one year prior to date of insolvency of the bank, or before January 22, 1923.

While the evidence shows a letter was mailed on January 19th, and again on January 22, 1923, directing assignment of the stock on the books of the bank, there is no evidence to show when, in due course, the letters would have reached addressee. This fact the appellant failed to prove, and it is a fact of which the court will not take judicial notice.

The rule is stated in 22 C. J. 100:

"The addressee of mail matter is presumed to have received it as soon as it could have been transmitted to him in the ordinary or usual course of the mails, or, as it is otherwise expressed, in due course of the mails. But receipt at a particular time cannot be presumed unless there is proof of the course of the mails, as well as of the date of mailing, for courts do not take judicial notice of the time of the arrival or departure of the mails or trains, or the number of mails between different places or of the car time. from one place to another."

In Boon v. State Ins. Co., 37 Minn. 426, 34 N. W. 902, it was held:

"There is no ground for the presumption that a letter reached its destination by mail within two weeks after it was mailed, in the absence of any proof as to the place where it was mailed, or of the usual course of the mails." Wiggins v. Burkham, 10 Wall. 129, 19 L. Ed. 884.

The court will take judicial notice that the town of Orr is not located on any railroad. 23 C. J. 89; Green & Sons v. Lineville Drug Co., 150 Ala. 112, 43 South. 216; State ex rel. Budge v. Snyder (Wyo.) 225 Pac. 1102.

The finding of fact is sustained by the record. The judgment is affirmed, and since request is duly made, judgment is rendered upon the supersedeas bond filed herein as per journal entry.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK. and HEFNER, JJ., concur. HARRISON, J., absent.

Note.—See under (1) 7 C J. p. 522, §115; 3 R. C. L. p. 405 et seq.; 1 R. C. L. Supp. p. 820; 6 R. C. L. Supp. 176. (2) 22 C. J. p. 101, §42; anno. 49 L. R. A. (N. S.) 466; 21 R. C. L. 767.