CECIL WARING, RESPONDENT, v. METROPOLITAN LIFE INSURANCE, AND TRAVELERS INSURANCE COMPANY, APPELLANTS.—39 S. W. (2d) 418.

Kansas City Court of Appeals. May 4, 1931.

*Morrison, Nugent, Wylder & Berger* for respondent.

*Mosman, Rogers & Buzard* for appellants.

BOYER, C.—Proceeding under Workmen's Compensation Law. Cecil Waring filed a claim for compensation July 30, 1928, in which he stated that he was injured on or about March 12, 1927, by an accident arising out of and in the course of his employment. The employer was the Metropolitan Life Insurance Company, and its insurer the Travelers Insurance Company. He reported that the parts of his body injured were the "lower part of spine and both knees," and that the nature of permanent injury was "continuous pain in both knees and lower part of spine," and in describing how the accident happened reported that he "slipped and fell on the stair steps, steps being wet and slippery, was reporting at district office for weekly meeting of the agents."

. The answer of the employer and insurer denies that the employee's condition was the result of an accident, and alleges that it is the result of a health condition, and also alleges that the employee failed to notify the employer of his alleged accident as provided by section 38 of the Act, and also neglected to file a claim for compensation within the statutory period as provided in section 39 of the Act. The first hearing in the case was begun and held before a single member of the commission on September 27, 1928. The hearing was adjourned to October 29th, at which time further evidence was received by the same commissioner and apparently

both sides introduced all the evidence desired. Thereafter on November 22, 1928, the commissioner made an award in which he found in favor of the employer and the insurer and against the employee and allowed no compensation. The award of the commissioner contains the following:

"1. Employee has failed to prove from the evidence that his disability is caused from an accident arising out of and in the course of his employment.

"2. Where the employee lost no time from work on account of the accident, compensation must be denied."

The foregoing is all there is in the award in the nature of findings of fact and rulings of law. In due time claimant filed application for review by the full commission, and thereafter filed a request for a submission on review under date of December 4, 1928, received by the commission December 6, 1928, in which it is stated:

"The undersigned hereby requests the Missouri Workmen's Compensation Commission to take the pending application for review as submitted, and to determine the same on the record as it stands, without further evidence or arguments."

Thereafter on December 11, 1928, the commission received an additional request for submission on review filed by claimant in which he requested the opportunity to present further testimony, and in which it is alleged that the finding of the commissioner is based on an examination of a Dr. Diveley who did not testify and there was no opportunity afforded for cross-examination. All parties in interest were notified that a hearing on review would be held February 5, 1929, at which time the commissioner who had previously received the evidence appeared and conducted a further hearing. Plaintiff introduced the testimony of five witnesses. At this last hearing it appears from the statements of the commissioner, the claimant, and his attorney that at the close of the evidence on previous hearing the commissioner had stated that there was a dispute among the doctors, and the commissioner suggested an examination and report by some disinterested doctor other than those who had been called by the claimant and by the other parties; that in pursuance to such suggestion the commissioner at the time telephoned to a doctor and arranged for him to examine claimant. Claimant appeared at the doctor's office and was examined. The commissioner proposed to claimant that he might use the testimony of the last doctor if he so desired before the award was written, but the attorney for claimant said no, to go ahead and write the award. At this last hearing held February 5th, the commissioner proposed to claimant or to his attorney: "If you want to bring Dr. Diveley over here, we will have him over here to testify and you can cross-examine him." The attorney replied: "I believe we would like to have him

over here then.'' Following this the doctor in question was called. and testified and the evidence was closed.

Thereafter under date of February 26, 1929, all members of the commission signed a final award in which it is recited:

''The above parties having submitted their disagreement or claim for compensation for the above accident to the undersigned members of the Missouri Workmen's Compensation Commission, and after hearing the parties at issue, their representatives, witnesses and, evidence, the undersigned hereby find in favor of the above employer and insurer and against the above employee and award no compensation for the above accident.

''On review the findings, statement, rulings and award dated November 22, 1928, are affirmed by the full commission.''

Thereafter on March 11, 1929, the commission received a further application for review from the claimant wherein it is stated:,

''It is desired that the testimony of Dr. Frank R. Teachenor and Dr. F. M. McCallum be included in the transcript.''

An attorney for claimant, by letter, also requested the commission to reopen the case in order to receive the testimony of the doctors named, which letter further stated:

''If it is inconsistent for you to give this additional testimony consideration, we respectfully call your attention to the notice of appeal to the circuit court of Jackson county, which was filed with you under date of March 9, 1929.''

In reply to the application for further review and to reopen the case the commissioner wrote the attorney for claimant declining to take further testimony except by consent of all parties. No further hearing was held. A timely notice of appeal had been filed. The transcript and records were sent to the Jackson circuit court at Kansas City.

At the hearing in the circuit court the transcript of the proceedings before the commission was offered in evidence and claimant's attorney offered the testimony of Dr. McCallum in the form of a report by him to claimant. The report of the doctor is printed in the abstract and was offered over the objection of the attorney for defendants. No ruling of the court appears. At the close of the hearing in the circuit court defendants demurred. The court heard statements of counsel, took the case under advisement, for review of the transcript, and thereafter rendered its judgment wherein it was ordered and adjudged that the award by the commission be reversed and the case remanded. The judgment entry recites:

''And this court duly reviewed and considered all questions of law herein, said court doth find that said Missouri Workmen's Compensation Commission, in making said award, acted without and in excess of its powers in refusing to permit the introduction in evi-

dence; or consider, the testimony of Dr. F. M. McCallum and Dr. Frank R. Teachenor, and doth further find that the facts found by the commission do not support the award, and there was not sufficient competent evidence in the record to warrant the making of the award.''

From the foregoing judgment the employer and the insurer duly appealed and allege error therein for the reason that the findings and judgment are erroneous under the law and the evidence.

The record of the evidence is voluminous. We will state the substance of it with a view of ascertaining whether there was sufficient competent evidence to support the conclusion reached by the commission.

Claimant was employed as a solicitor and collector for the Metropolitan Life Insurance Company at Excelsior Springs and vicinity. It was the custom of the employer to hold weekly meetings of its agents on Saturday morning. The claimant and others were expected to attend. On March 5, 1927, while attempting to ascend a stairway leading to the district office of the employer to attend one of these meetings, claimant slipped and fell on the steps. Two companions were accompanying him. He was assisted up the stairs where his employer's assistant manager saw him and learned that he had received a fall. Claimant attended the scheduled meeting and went about his work in the usual way for about one week when he became partially paralyzed.

On the day of claimant's injury an assistant manager of his employer took him to a doctor for examination and he was examined on that day. The doctor testified that Waring gave a history of having had the ''flu'' in January; said he had been pretty sick for three or four days with high fever and headaches and so on; complained of not being able to sleep; that he had headaches at nighttime, weakness in the legs; numbness in the legs and arms. The doctor said there were lots of knots in his legs and he wasn't able to walk steady. The patient said nothing at all about an injury. He made a Wassermann test which was negative.

Plaintiff drove his own automobile from Kansas City to Liberty and continued about his usual duties, although he complained of pain and suffering on account of his fall. After he became disabled by paralysis he had many doctors. One of the first was a Dr. James, called by defendants, who testified that he treated the patient for paralysis in the legs ''following, as I thought, the flu.'' He did not know what caused the paralysis, and if the patient advised him of an accident he did not remember it. The patient had bad tonsils and bad teeth which he was advised to have removed.

Claimant carried two insurance policies, one designated as a group policy and the other as an accident and health policy. When

he became disabled, and on March 26, 1927, he filed a notice of sickness with his employer upon a form furnished for that purpose in which he stated the nature of disease causing disability to be "nervis breakdown" and later in his statement of claim under his policy for sickness, in reply to a question to state the exact nature of the disease causing sickness, answered: "Followed the flue and nervis breakdown." This statement of claim was dated May 25, 1927. The certificate of his attending physician, Dr. James, accompanying his claim stated the nature of the sickness and his diagnosis as follows: "Flu followed by partial paralysis-paraplegia. General debility, lack of coordination of movements of the limbs." The doctor also reported under surgical operation necessitated: "Tonsillectomy and removal of some teeth." In subsequent similar certificates accompanying other claims, which were apparently presented every sixty days, the doctor reported his diagnosis as nervous trouble following flu, and that symptoms observed were general nervousness, debility, and weakness of muscles. Another physician, on a similar certificate reported "progressive paralysis" and that symptoms observed were loss of motion. All the claim statements made by plaintiff were upon forms which directed that they were not to be used for accident claims and had printed thereon "For Sickness Claims Only."

Plaintiff collected from his employer under his insurance policies, and according to their terms, for disability occasioned by sickness for a period of fifty-two weeks. No accident claim was presented. A few months after these payments ceased the claimant then filed his claim for compensation with the Workmen's Compensation Commission as before stated.

The medical testimony is varied and conflicting. Numerous physicians testified on behalf of plaintiff and on behalf of the defendants. Plaintiff claimed that by the fall he received an injury to the end of his spine which hurt and twisted the bones in that region of the body and caused his disability. The medical evidence in his behalf tends to support his claim. Some of it is to the effect that X-ray photographs reveal a wide or open sacroilliac; that there is extreme tenderness and inflammation around the coccyx; that the condition is permanent; that it could have been caused by the fall which he received, and that his disability could have resulted and did result therefrom. In other words, there was ample testimony to support a finding that the disability resulted from the injury alleged, although the doctors testifying for plaintiff did not agree in their diagnoses or the symptoms observed. One stated that the only thing he found was lack of co-ordination; another testified that a Wassermann test was negative.

Defendants called four physicians. One testified that he treated claimant about March 27 for paralysis following flu; that he did

not remember that Waring ever reported an accident; another testified that he took X-ray pictures which did not show any sacroilliac strain and showed normal lumbo-sacral spine with no evidence of dislocation or any damage to the bone. The joints were symmetrical and he did not find any inflammation of the coccygeal-sacral articulation. Another testified that he examined claimant on March 5, 1927; that the patient gave a history of having the flu; that Waring did not report that he had received a fall. Another testified that he was a specialist in nervous and mental diseases; that he had examined the claimant and failed to find any sign of any organic disease of the normal peripheral system; that the disorder of sensation and disorder of coordination are characteristic of functional disease; his diagnosis was hysteria.

The foregoing is a fair outline of the testimony prior to the final hearing on application for review. At the final hearing which was held at plaintiff's insistence and request, plaintiff offered additional medical testimony tending to show that plaintiff's disability was caused by the fall which he described, and that plaintiff was not suffering from the disease of syphilis. Plaintiff offered other evidence with a view of showing what transpired at the time of claimant's examination in the office of Dr. Diveley who examined plaintiff at the request of the commissioner as heretofore stated. Plaintiff's attorney requested that Dr. Diveley be called in for examination and he was so called. The commissioner conducting the hearing questioned the doctor and plaintiff's attorney cross-examined him. His testimony was to the effect that he made his examination by aid of the X-ray and otherwise; that it was made at the request of the commissioner; that the examination revealed very nervous motor centers, easily irritated. There was nothing found to be abnormal about the coccyx; the patient's limbs were of the same length, and the doctor described a number of symptoms and signs and characteristics and said that claimant had every known sign of neurosyphilis; that a blood Wassermann test is never positive in such a case. The effect of his testimony is that claimant's disability is due to the disease named and could not have resulted from the fall on the steps because the nerves to the lower extremities do not pass thru the coccyx.

The foregoing closed the evidence. There was no request by plaintiff at the time for the privilege of introducing further testimony or rebuttal evidence. Thereafter the final award of the full commission was made.

### OPINION.

Appellants urge error on the part of the trial court in reversing the award and remanding the case on the findings stated in the judg-

ment. One of the grounds upon which an award may be reversed by the circuit court in reviewing questions of law is that the commission acted without or in excess of its powers. [Section 3342, Revised Statutes 1929.] In view of the finding and judgment the first query naturally is: Did the commission act without or in excess of its powers in refusing to permit the introduction in evidence, or consider, the testimony of Dr. McCallum and Dr. Teachenor? It will be observed that neither of the doctors named was called as a witness on any of the various hearings held in the case and no mention was made of them until after the final award. It will also be observed that the final award bears date of February 26, 1929. The application for review following that is dated March 9, 1929, and was received by the commission March 11, 1929, more than ten days after the date of the final award. The application may have been refused properly because untimely; and there is contained in it the first mention of the doctors whose testimony was desired. The purpose was to rebut the evidence of Dr. Diveley. The final award was conclusive unless an appeal was duly taken. [Section 3342, Revised Statutes 1929.] A notice of appeal was filed at the same time as the application for review, and the commission was advised by the attorney for plaintiff that if inconsistent to hear additional testimony, to give attention to the notice of appeal. Under the situation the commission was not obligated to reopen the case and hear additional testimony, and it should not be convicted of exceeding its powers in refusing so to do.

Respondent contends, in support of the judgment of the circuit court, that the commission acted without and in excess of its powers in another respect, viz.: That after the preliminary award and on application for review the commission did reopen the case for the purpose of receiving additional evidence; that under the law such additional evidence on review must be heard and received before the *full commission*, and that the commission exceeded its powers in that it received the additional evidence by one commissioner alone; and inasmuch as the full commission never heard the testimony, and inasmuch as it had before it testimony which was heard by one commissioner only, the full commission in reviewing such testimony exceeded its powers. Reference will be made to pertinent provisions of the statute. Section 3339, Revised Statutes 1929, prescribes the method of receiving evidence when the parties fail to agree. The appropriate part is:

"The commission or any of its members shall hear in a summary proceeding the parties at issue and their representatives and witnesses and shall determine the dispute. . . . The award, together with a statement of the findings of fact, rulings of law and any other matters pertinent to the question at issue, shall be filed with the record of proceedings."

Section 3341, Revised Statutes 1929, provides:

"If an application for review is made to the commission within ten days from the date of the award, the full commission, if the first hearing was not held before the full commission, shall review the evidence, or, if deemed advisable, as soon as practicable hear the parties at issue, their representatives and witnesses and shall make an award and file same in like manner as specified in the foregoing section."

The following section of the statute provides that the final award of the commission shall be conclusive and binding unless a party to the dispute appeals to the circuit court.

Respondent insists that under section 3341, just quoted, it was imperative that the *full commission* hear the additional testimony after the case was once reopened, and that the hearing of additional evidence by a single commissioner was improper and resulted in placing before the full commission incompetent evidence, as well as that which had been properly received, and that the act of the commission in reviewing the whole case and making the final award was in excess of its power. The reason which is now urged by respondent in support of the judgment of the circuit court was not the reason assigned in the finding made by that court. This reason may have been in the mind of the trial judge although it was not stated. However, we do not believe it a sufficient ground to support the judgment in view of the facts in this case. The rehearing was to accommodate plaintiff. He appeared before the commissioner and submitted his additional testimony and examined the witness who was called by the commissioner at plaintiff's request. There was no objection at any time to the competency of any of the evidence so offered on the ground that it was not being received before the full commission, and when the whole transcript of the evidence reached the full commission it was with the implied, if not with the express consent, of plaintiff that all the testimony was properly before the commission for review. The conduct of plaintiff's case, by him and by his attorney, was equivalent to an agreement that all proof shown in the record should be treated as the evidence in the case. We think the point urged by respondent was waived. Even though it was incompetent for a single commissioner to hear testimony upon reopening the case, we think it was competent for plaintiff to consent, and that he did consent, that one commissioner hear the testimony; and that it was competent for plaintiff to waive, and that he did waive, his right to have all the members of the commission personally view the witnesses and observe their conduct and demeanor while testifying. This was the only right, if any, of which plaintiff was deprived. He deprived himself of it. It is common practice in the trial of law suits for litigants to agree that a written

statement, or an affidavit, or a statement of facts contained in an application for a continuance, or in a deposition, or in a bill of exceptions, may be received and accepted as the testimony of an absent witness the same as though he were personally present testifying in court. It is also the practice for litigants to agree that a referee may take testimony and waive their right to have it heard before the court.

Under section 3341 the commission is vested with a discretion upon review as to whether it will review the evidence already received or reopen the case for additional evidence. It is not compelled to reopen a case, but if it does, we are of opinion that the express words of this section require the *full commission* to hear the additional evidence unless the parties to the proceeding waive the requirement. If plaintiff in this case had made a timely demand that the full commission hear additional testimony after the case was reopened he would have been entitled to have his additional evidence so heard, and a denial of that right on the part of the commission clearly would have been in excess of its power. But plaintiff did not pursue that course and for the reasons stated above cannot complain. The objection now made was waived.

Respondent further contends that at the time he made his second application for review the case was still open because the commission had not followed the law in the procedure of receiving additional evidence, and that its denial of his second application for review deprived him of an opportunity to rebut additional testimony which had been received improperly. The substance of this contention is included in the former one and must be ruled the same way. Further, there is no evidence or showing of any character that plaintiff was in any way hindered in offering all the evidence he desired, but on the other hand it appears that he was afforded ample opportunity upon three different hearings to submit his evidence. When he made his second application for review it was untimely, as observed above; the commission could have ignored it, and in any event was not compelled to again reopen the case.

The circuit court further found "that the facts found by the commission do not support the award." We think this finding is technically correct because the award of the commission contains no findings of fact, but is merely a statement of conclusions as will be observed from a quotation of the award heretofore made. But that is not sufficient to reverse the award of the commission if its conclusion is supported by sufficient competent evidence. Section 3339, quoted above, contemplates that the commission shall make findings of fact and rulings of law. This injunction has almost invariably been overlooked in the awards written by the commission in cases reaching the appellate courts. This plain duty should be performed,

and the commission should carefully distinguish and make clear in its award the findings of fact and the rulings of law. But if the findings of fact be absent and merely a conclusion involving a question of law be stated, the appellate court will look to the record to determine for itself whether there is sufficient competent evidence to support the conclusion and to warrant the making of the award. [Metting v. Lehr Construction Co., 32 S. W. (2d) 121.]

From the evidence recited in the statement, and independent of that received at the final hearing, it is manifest that there was sufficient competent evidence to support the conclusion that claimant's disability did not result from an accident as he claimed. While there is evidence supporting plaintiff's theory of his disability, still there is other substantial evidence to the contrary. Some of it is found in his own testimony, in his application to his insurance company for compensation on account of sickness, and in the testimony of his own physicians which tends strongly to show that plaintiff's disability resulted from sickness, and could not be attributed to his fall. The character of the evidence has been set forth at sufficient length and it is unnecessary to repeat. The testimony was conflicting as to the cause of plaintiff's disability, and we must assume that the commission, sitting as a jury, determined that question of fact adversely to plaintiff's claim. The decision of the commission upon a question of fact, in the absence of fraud, is final and conclusive. It cannot be disturbed by any appellate court if there is any evidence to support it. [Section 3342, Revised Statutes 1929.] In this respect it is like the verdict of a jury. [Wheat v. Whitney & Son, 34 S. W. (2d) 158, 160.] There was sufficient competent evidence to warrant the making of the award.

Respondent has not cited any authority construing section 3341, Revised Statutes 1929, as he would have it construed and applied to the facts in this case, and apparently said section has not been interpreted or construed by any appellate court in our State. We have reached the conclusions stated herein according to right reason, as we read the record and the law, and hold that the findings and judgment of the learned circuit judge in reversing the award of the commission were not justified in view of a proper understanding of the record in this case. The judgment is erroneous and should be reversed with direction to affirm the award of the commission. The Commissioner so recommends. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion by BOYER, C., is adopted as the opinion of the court. The judgment is reversed and the case remanded with direction to affirm the award of the commission. All concur, except *Trimble, P. J.,* absent.