NOEL DEVER, RESPONDENT, v. BROWN SHOE COMPANY AND HARTFORD ACCIDENT & INDEMNITY COMPANY, APPELLANTS.—49 S. W. (2d) 639.

Kansas City Court of Appeals. May 2, 1932.

*Lon R. Owen* for respondent.

*Hunter & Chamier* for appellant.

CAMPBELL, C.—This is a proceeding based upon the Workmen's Compensation Act.

On June 17, 1929, plaintiff, an employee of the defendant Brown Shoe Company, was injured as the result of accidentally sticking a tack in his right knee. The employee continued to work for said

defendant until about September 1, 1929, at which time infection developed in his right knee and he was taken to a hospital for treatment. Prior to the accident he was in good health and had not had "any trouble with his knee."

The defendants' evidence is that the infection in plaintiff's knee was caused by diseased tonsils. There was also evidence in defendants' behalf that the infection in plaintiff's knee could have resulted from the injury of June 17, 1929, or from infection in his throat.

The claim was heard before a referee who, on June 6, 1930, made an award in favor of plaintiff. Subsequently, to-wit, on June 25, 1930, the award of the referee was reviewed by the commission, set aside, and plaintiff denied compensation.

The award of the commission is as follows:

"The above parties having submitted their disagreement or claim for compensation for the above accident to the undersigned members of the Missouri Workmen's Compensation Commission, and after hearing the parties at issue their representatives, witnesses and evidence, the undersigned hereby find in favor of the above named employer and insurer and against the above employee and award no compensatiton for the above accident.

"On review award dated June 6, 1930, is hereby reversed and set aside with the finding that the condition complained of by the employee is neither directly or indirectly a result of the accident of June 17, 1929, and compensation must be denied."

The plaintiff appealed from the award to the circuit court, where the cause was heard, resulting in the award of the commission being set aside and the cause remanded to the commission for further consideration. The defendants have appealed.

It is manifest there was evidence from which the commission would have been warranted in finding that the infection in plaintiff's knee was the result of the injury sustained by him on June 17, 1929, and there was substantial evidence warranting the commission in finding that the infection in the knee did not result directly or indirectly from said accident.

Under such circumstances the findings of fact made by the commission are conclusive on appeal. [Beecham v. Greenlease (Cadillac) Motor Company, 38 S. W. (2d) 535; Waring v. Metropolitan Life Insurance Company, 39 S. W. (2d) 418.]

The Workmen's Compensation Act not only vests in the commission power to find the facts in all cases arising thereunder, but expressly withholds such power from courts.

Clearly, upon the record, the plaintiff was entitled to an award in his favor upon the commission finding as a matter of fact that the infection which developed in his knee resulted from the accident of

June 17, 1929, and it is equally clear that if the commission found the fact to be that plaintiff's condition was not directly or indirectly a result of said accident, then he was not entitled to compensation. On that question the evidence was conflicting, and hence, under the provisions of the act, the findings of fact made by the commission are conclusive on appeal.

In the instant case it was the duty of the commission to determine from the evidence whether or not the infection in plaintiff's knee was a result of the injury of June 17, 1929. On that subject the commission said:

"That the condition complained of by the employee is neither directly or indirectly a result of the accident of June 17, 1929, and compensation must be denied."

Inasmuch as the only question of fact presented for the determination of the commission was whether or not the infection in plaintiff's knee resulted from disease or accident, we hold that the commission did make sufficient findings of fact and resolved the controverted question in favor of the defendants. The findings of fact made by the commission will not be reviewed on appeal. The judgment is reversed with direction to enter judgment affirming the award of the commission. The Commissioner so recommends. *Boyer, C.*, concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed with direction to enter judgment affirming the award of the commission. All concur.