STATE OF MISSOURI at the relation of GEORGE E. RANDALL and UNITED STATES FIDELITY & GUARANTY COMPANY, Relators, v. HOPKINS B. SHAIN, EWING C. BLAND and ROBERT M. REYNOLDS, as Judges of the Kansas City Court of Appeals.—108 S. W. (2d) 122.

Division Two, August 26, 1937.

*Hook & Thomas* and *Philip J. Close* for relators.

202

*George V. Aylward, Ralph M. Russell* and *Thomas E. Joyce* for respondents.

WESTHUES, C.—Respondents insist that the writ of certiorari issued in this case should be dismissed because relators failed to comply with rules 11, 12, 13 and 14 of this court, in that relators failed to serve respondent, or file with the clerk of this court a complete abstract of the record in the time required by the said rules. The case was set for hearing on September 9, 1936. A motion to dismiss was filed by respondents for failure to comply with the rules above mentioned. Thereafter, and before the date set for the hearing, relators filed a motion asking that the case be continued to the January Call. This motion was sustained by this court, it appearing from the record that respondents had consented thereto. The cause was heard on January 12, 1937. Relators fully complied with all of our rules, if we consider January 12 as the hearing date. Respondents, however, insist that the cause should be dismissed because relators were in default at the September Term. Rule 16 of this court reads:

"If any appellant in any civil case fails to comply with the rules numbered 11, 12, 13 and 15, the court, when the cause is called for hearing, will dismiss the appeal, or writ of error; or, at the option of the respondent continue the cause at the cost of the party in default."

Since this court continued the case, with respondents' consent, to the January Call, before it was called for hearing on September 9, it cannot be said that relators were in default. It appears from the files in this case and the briefs filed by respondents that they were in no way prejudiced in the preparation of their brief, etc., for the

hearing of the case at the January Call. The motion to dismiss is, therefore, overruled. On this point see Smith v. Ohio Millers' Mut. Fire Ins. Co. (en banc), 320 Mo. 146, 6 S. W. (2d) 920, l. c. 927 (2).

Relators seek, by this writ of certiorari, to quash the record and opinion of the Kansas City Court of Appeals in the case of Pearson v. Randall et al., reported in 91 S. W. (2d) 116. Relators contend that respondents' opinion is in conflict with controlling decisions of this court.

The case originated before the Workmen's Compensation Commission, where the plaintiff, Opal V. Pearson, instituted proceedings to recover compensation for the death of her father, who it was alleged was fatally injured while engaged in work for the defendant, George E. Randall. We learn from respondents' opinion that Wm. A. Spiva, the father of claimant, Pearson, fell from a scaffold, while plastering, and was injured. It was alleged that the injury caused an infection and traumatic arthritis, resulting in death. The contested issues, as. we learn from the opinion, were: First, the question of whether claimant was a dependent within the meaning of the Compensation Act; second, whether the injury caused the death of Spiva; third, as bearing upon the question of whether the injury caused the death of Spiva, the date of the injury became material and there was a dispute whether the injury was sustained on June 2, or about June 18.

The proceedings before the Compensation Commission and the dates thereof as stated in the opinion were: A hearing before Commissioner James was held January 6, 1931; an award based upon that hearing was made by Commissioner James on February 2, 1931, awarding claimant compensation; an application for review was filed February 11, 1931; a hearing was held before Commissioner James on April 1, 1931, at which time additional evidence was heard; a final award was made on May 11, 1931, signed by all commissioners denying compensation; thereafter an appeal was taken to the circuit court, which court sustained the award of the commission; on appeal to the Court of Appeals that court reversed the judgment of the circuit court and directed it to enter a judgment affirming the award in favor of claimant, made February 2, 1931, by Commissioner James.

Respondents also recite that the main dispute at the hearing held on January 6, 1931, was whether or not claimant was dependent upon her father. The opinion further discloses that at the hearing held on April 1, 1931, claimant was called and examined with reference to her dependency, and thereafter the defendants introduced evidence tending to prove that Spiva's death did not result from the injury sustained in the fall, and also that the accident occurred about June 2. As to the evidence and its legal effect introduced in this hearing, respondents in their statement of facts make the following comment:

"As to the hearing held before Commissioner James on April 1, 1931, suffice it to say that there was ample evidence offered from which it could be concluded that the accident occurred on June 2, 1930, and ample evidence from which it can be concluded that Spiva died from other causes than the injury, if any, occasioned by the accident. The evidence as to the accident being on June 2d was given by the employee, his superintendent, and others working on the job. The evidence contradicting the theory of death as a result of the accident was given by experts based upon hypothetical questions fixing the time of the accident as of June 2, 1930."

As to the filing of the motion for review the opinion states:

"It appears that on February 11, 1931, the employer and the insurance company made an application for review by the full commission. This application made upon the printed form used had typewritten on its face the following sentence, to-wit: 'The employer and insurer desire to introduce newly discovered evidence and request the Commission to set the case for the taking of further testimony on review.'

"It appears from the record before us that there was a hearing had before Commissioner James on Wednesday, April 1, 1931."

Again in the statement of facts in respondents' opinion we find the following comments concerning the hearings before the commission:

"It appears that the only award made by Commissioner James was the award of February 2, 1931. This award could not, of course, be based upon any evidence in a hearing before him on April 1, 1931. No attempt is shown upon the part of Commissioner James to set aside his findings of fact and law and award made on February 2, 1931.

"The hearing of April 1, 1931, is an interloping hearing before the one commissioner had after the losing parties had exercised their right for a review before the full commission.

"This action, we presume, was based upon some theory of newly discovered evidence as expressed in the typewritten sentence in application for review.

"There appears in the record what purports to be a final award on hearing on review:

"April 1, 1931, the transcript of the final award and hearing on review bears date of May 11, 1931, and is signed by all of the members of the commission and attested by the secretary.

"In this final award the compensation is denied the dependent; the commission is shown as making findings in favor of employer and denying compensation."

We have summarized the facts, as stated in respondents' opinion, sufficiently for an understanding of the issues presented in this proceeding.

Respondents' opinion, omitting comments made by its author with reference to the Workmen's Compensation Law, reads as follows:

"The Workmen's Compensation Act is a code within itself. The act is intended to give enforcement of substantial rights at sacrifice of procedural rights. We cannot conclude, however, that direction for summary and informal procedure disposes of and nullifies all wholesome rules of procedure that are so necessary to human rights, nor that the substantive law of the land is abrogated, except as so done by the express and direct language of the act itself.

"Section 3339 (Mo. Stat. Ann., sec. 3339, p. 8272) provides for hearing in a summary proceeding by one member of the commission, wherein the commissioner, after hearing the parties and testimony, determines the dispute. At all hearings before the commissioner the evidence is taken down by a competent stenographer.

The commissioner is empowered to make an award together with a statement of his findings of facts, rulings as to law, etc. This award and finding is sent to the parties.

"If the award made by one commissioner is acceptable to all parties, the same becomes final. If, however, any party is not satisfied, there is a period of ten days in which to make application for review had under provisions of Section 3341 of the act (Mo. Stat. Ann., sec. 3341, p. 8274), which reads as follows: 'If an application for review is made to the commission within ten days from the date of the award, the full commission, if the first hearing was not held before the full commission, shall review the evidence, or, if deemed advisable, as soon as practicable hear the parties at issue, their representatives and witnesses and shall make an award and file same in like manner as specified in the foregoing section. [Laws 1925, p. 375, sec. 43.]'

"The award in this case for which an application for a review was made was the award of Commissioner James of February 2, 1931.

"There is nothing in the record before us to show that it was deemed advisable by the full commission to hear the parties at issue, their representatives and witnesses. It is apparent that no such hearing was ever had before the full commission. It is apparent that such review as was had before the whole commission must have been based upon a review of the transcribed evidence as taken before the one commissioner acting under the provisions of Section 3339 of the act.

"The only possible review of the findings and award made by Commissioner James on February 2, 1931, must of necessity be made as based upon the issues then presented and upon the evidence before the commissioner at the hearing of January 6, 1931.

"Whether or not the provisions of Section 3341 of the act are broad enough to permit the full commission to reopen the whole case

and permit a hearing *de novo,* supported by new witnesses, is not now before us to decide. It is evident that no such course was followed. We do conclude, however, that in a review of hearing, findings, and award made by one commissioner on February 2, 1931, the full commission upon a review of same cannot take into consideration evidence taken before this one commissioner on April 1, 1931, which later evidence could not have entered into the findings and awards that the application asks to be reviewed.

"There seems to be no provision in the Workmen's Compensation Act for a commissioner to reopen the case for further hearing after the parties and the evidence and after determining the dispute between the parties and after making an award in full compliance with Section 3339 of the act and after the losing party has fully complied with requirement for review before the full commission. If, however, such were admissible, it could only be effectually done by a setting aside of the former award and the making of a new award based upon all of the evidence.

"The hearing of April 1st is clearly shown as being occasioned by the declaration as to newly discovered testimony.

"It has been held by this court that an applicant to whom compensation has been denied by one commissioner, under the provisions of Section 3339, who, after asking for a review, appears before the one commissioner and submits additional testimony, waives the right to have the full commission to hear witnesses. [Waring v. Metropolitan Life Insurance Company, 225 Mo. App. 600, 39 S. W. (2d) 418.]

"The record in the case at bar shows that the successful claimant made objection to all testimony offered by the employer and insurance company on April 1, 1931, that went to the issue of the time and result of the accident.

"The objection made is as follows:

" 'By Mr. Senner: If your honor please, I would like to object to testimony of this man; this hearing was held January 6th and the defendants had opportunity to introduce all this evidence and didn't introduce it and according to my understanding of the law, the case is closed so far as that part is concerned and they filed application for review and to go down before the entire Commission, and now they come in and want to reopen the entire case.

" 'By Mr. James: I think it is within the discretion of the Commission and the other two Commissioners seem to want some additional testimony, I overrule it, go ahead.'

"It appears that such rights as the claimant herein has touching the reception of evidence on April 1, 1931, as to the time and result of the accident, was not waived by her.

"If it be concluded that a commissioner acting under the provisions of Section 3339 of the Workmen's Compensation Act has a

right to open the case for new evidence after he has made and entered an award, it still follows that the fundamental rules touching reception of evidence in the reopening of a case should have some consideration.

"The commissioner in the present case is not shown to have acted upon his own motion. The matter was reopened and the hearing of April 1, 1931, had on the application of the losing party after award had been made.

"That the hearing before a commissioner is informal and that he hears the parties in a summary proceeding does not absolve one who is asking to reopen the case for further testimony from making some showing upon which he bases his application. The applicant should show some excuse for not introducing the evidence before the hearing and award, and should reveal wherein the evidence would influence a change in the award as made.

"The first two witnesses introduced at the hearing on April 1, 1931, are heard on the issue of dependence of the claimant. This was a matter gone into minutely on the first hearing, and nothing new was presented to influence a change in the finding of the commissioner on that issue.

"Under the excuse of newly discovered testimony, the superintendent on the job was called. This witness was the timekeeper on the job, and the duty devolved on him to report accidents. We have quoted from this witness above. His evidence as to material matters is principally based upon a book and accident report which he had, which book and report do not appear as introduced in evidence. The report is shown to have been made out June 25, 1931, and the witness states that, with exception of date 6-2 and some other notations, was signed and handed to another who later filled same out.

"At the rehearing the employer and workmen who were on the job were called and testified.

"An examination of the testimony of these witnesses shows conclusively that their testimony was as available to the employer on January 6, 1931, as on April 1, 1931. The evidence is in no sense shown to be newly discovered. In the hearing of January 6, 1931, it is shown that the employer and insurance company made reference to the accident report, but neither offered the same, or offered testimony concerning same, that was as available on January 6th as on May 11th.

"At the April hearing medical experts were called and testified.

"In the hearing of January 6, 1931, the date of accident as of approximately June 18, 1930, as before stated, was not materially disputed. The case was tried upon that theory.

"The theory presented on April hearing is centered on date of accident as June 2, 1930, and it is attempted to be substantiated by newly discovered testimony. We conclude that, the testimony being

available on January 6, 1931, is not available to disturb the award of January 6, 1931, and further conclude that expert testimony based upon this testimony is not available for that purpose.

"We conclude that the findings of fact and of law and the award made by Commissioner James on February 2, 1931, are well founded upon the hearing had before him on January 6, 1931. We find that the application for review is specifically directed to the hearing of January 6, 1931, and award thereon February 2, 1931. We conclude that the evidence taken April 1, 1931, is not competent evidence that can be considered by the full commission on review. We base our conclusion on two grounds: First, the evidence of April 1, 1931, could not have entered into the findings, conclusions, and award of February 2, 1931. Second, the evidence was given and received on theory of newly discovered testimony, and we find that the showing justifies the conclusion that the testimony was as available on January 6, 1931, as on April 1, 1931, and therefore not even competent on reopening after award was made.

"Based upon findings and conclusions above set forth, we find that the award made by the whole commission on May 11, 1931, is not based upon any substantial evidence. We further conclude that the trial court was in error in sustaining the commissioner's award of May 11, 1931, for the reason there is no competent evidence supporting the award.

"The judgment of the circuit court is reversed, and cause is remanded, with instructions to enter a judgment for the appellant in accordance with the award made by Commissioner James on February 2, 1931."

We are of the opinion that respondents' holding that the Compensation Commission did not have authority to permit the introduction of additional evidence, at the hearing held on April 1, 1931, is in conflict with the opinion of this court in the case of Waterman v. Chicago Bridge & Iron Works, 328 Mo. 688, 41 S. W. (2d) 575, 1. c. 578 (10-11). This court in that case, speaking of the commission's authority under Section 3341, Revised Statutes 1929 (Mo. Stat. Ann., p. 8274), said:

"The plain meaning of this section, undoubtedly, is that it is within the discretion of the commission to review only the evidence already taken, and make the final award from that, or to hear further evidence. Except for arbitrary or unreasonable action, the exercise of discretionary powers by public officials will not be interfered with (18 C. J. 1134-1138; nor reviewed on appeal (3 [should read 4 C. J.] C. J. 796); nor by certiorari (11 C. J. 106). It would certainly not be a fraudulent act on the part of the commission to merely act in a manner which the statute authorizes."

If the Compensation Commission has discretionary power to hear additional evidence on a review hearing, that power cannot be cur-

tailed because the party offering such evidence does so on the pretext that the evidence is newly discovered. Under Section 3341, a losing party, upon filing an application for review, is entitled to a review as a matter of right where the cause was heard originally by only one member of the commission and such member has made an award. The reasons assigned in the motion for a review are in no way binding on the commission. The reasons assigned may be treated as surplusage by the commission and the commission may exercise its discretion and hear additional evidence. We are not deciding whether there can be an abuse in the exercise of the discretion by the commission, because that question is not in the case. In this case it is evident that the commission desired to hear the additional evidence introduced. The ruling made by Commissioner James, when an objection was made to the introduction of evidence, was as follows:

" 'I think it is within the discretion of the Commission and the other two commissioners seem to want some additional testimony; I overrule it, go ahead.' "

It is also evident from the proceedings, as related in respondents' opinion, that the hearing had before Commissioner James on April 1, was pursuant to the application for review. Commissioner James made only one award, that of February 2, 1931. Pursuant to the hearing held April 1, the full commission made an award which was dated May 11, 1931. The holding of the Court of Appeals, therefore, that the full commission could not legally consider the evidence offered at the hearing of April 1, because it was not newly discovered evidence, is in conflict with the Waterman case, supra. Even if the evidence was available for the hearing held on January 6, the commission on review, if they deemed it advisable, had the right to hear the evidence.

We are also of the opinion that respondents' holding, that the claimant did not waive her right to have all of the commissioners hear the evidence on review is in conflict with controlling decisions of this court. The principle of law is well established that a party objecting to evidence on certain grounds, cannot, on appeal, rely upon an entirely different theory. The claimant, at the hearing held on April 1, did not insist that all the members of the commission be present to hear the evidence. Having failed to make a request that all of the commissioners hear the evidence the point was waived. In Morton v. St. Louis-San F. Ry. Co., 323 Mo. 929, 20 S. W. (2d) 34, l. c. 45, this court said:

"The record before us discloses, however, that the defendant, on the trial below, made no objection to the admission of such testimony upon the ground now urged on appeal, namely, that such testimony invaded the province of the jury. An objection not made or urged at the trial will not be heard or considered on appeal. [Rock v.

Keller, 312 Mo. 458, 486, 278 S. W. 759; Heinbach v. Heinbach, 274 Mo. 301, 315, 202 S. W. 1123; McCaffery v. Railroad Co., 192 Mo. 144, 161, 90 S. W. 816; Scheipers v. Railroad Co. (Mo.), 298 S. W. 51, 54.]''

See, also, Ancona Realty Co. v. Frazier, 328 Mo. 750, 41 S. W. (2d) 820, l. c. 822, where this court said:

''The first point urged by appellant is: 'The action is at law, and it was error for the court to overrule defendant's objection to the introduction of evidence and to deny to defendant a trial by jury.' Examination of the record discloses that counsel for defendant objected to the introduction in evidence of certain exhibits offered by plaintiff because 'incompetent, irrelevant and immaterial; second, because the petition itself states no cause of action. It is not a suit in equity. There is no equity in the bill. This is not an equitable suit, and not triable as such.' Subsequently plaintiff introduced other exhibits and evidence without objection. It does not appear that defendant ever requested that the case be tried to a jury. It follows that the point now made must be ruled against appellant.''

Let it be understood, however, that we are not holding that it is mandatory upon the Compensation Commission for all members thereof to be personally present at hearings on review even when requested. We are not ruling upon that point because it is not before us for decision.

The Court of Appeals' direction to the trial court to enter a judgment in favor of claimant, is in conflict with numerous decisions of this court. It has been our consistent ruling that a court, on reviewing an award of the Compensation Commission, is not authorized, under the law, to make its own finding and peremptorily direct an award. [See Russell v. Ely & Walker Dry Goods Co., 332 Mo. 645, 60 S. W. (2d) 44, l. c. 47 (4); Schulz v. Great Atl. & Pac. Tea Co., 331 Mo. 616, 56 S. W. (2d) 126, l. c. 129 (6); Teague v. Laclede-Christy Clay Products Co., 331 Mo. 147, 52 S. W. (2d) 880, l. c. 882 (1).]

It follows respondents' record and opinion, here in question, must be quashed. It is so ordered. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.