MATHEWS, Justice.
This is a motion to dismiss a petition for writ of certiorari in a Workmen’s Compensation case.
On the 14th of September, 1953, pursuant to notice of a hearing before the full Commission, two members of the Commission, the Honorable James T. Vocelle and the Honorable H. E. Wolfe, after having heard oral arguments, entered an .order affirming the order of the Deputy Commissioner dated April 13, 1953. The order contained the notation, “L. R. Weston did not participate in this decision.” Copies of the order were mailed to the interested parties on October 6, 1953. On October 12, 1953, the claimant filed with the Commission a petition “for a re-hearing by the Full Commission or review of the order of the Florida Industrial Commission dated September 14, 1953”. The full Commission considered the petition as being for a rehearing only and entered an order, signed >by all three members, dismissing the petition on the ground that the Commission had no authority to rehear a cause on the merits. This order was signed *558 November 16, 1953 and was transmitted to the parties on December 9, 1953.
On January 8, 1954 petition for certiorari was filed in this Court. On January 25, 1954 a motion to dismiss the petition for writ of certiorari was filed upon the grounds that this Court had no jurisdiction over the cause due to the fact that the petition for .writ of certiorari was not filed within the time prescribed by the governing law and rules of the Court.
It appears from the record that the petition for writ of certiorari, filed on January 8, 1954, seeks to have this Court review the order of September 14, 1953, as well as the original order dated April 13, 1953.
In considering the motion to dismiss, it is proper that we consider the rules of the Florida Industrial Commission as they existed at the time of the passage of the law of 1953. It has been the practice of the Commission to hold hearings on the second Monday of each month and such hearings were had although on many occasions one member of the Commission would be unable to attend. Rule 5 (c) provided:
“No cause shall be placed on the docket for oral argument unless same has been requested and unless the transcript shall have been on file with the Commission for a period of at least two weeks.”
Attorneys from all over Florida would receive notice of oral arguments and would be present for such arguments.
Prior to 1953 the Statute sometimes referred to the Florida Industrial Commission. as “the Commission” and on other occasions it would be referred to as “the full Commission”. Section 440.25(4) F.S.-1953, F.S.A., states, “the full Commission shall consider the matter .upon the record”. The Statute further provides “¡Order of the full Commission shall be filed in the office of the Commission”.
From its inception the history of the Florida Industrial Commission shows that hear-; ings have been conducted by the Commission or the full Commission, although only two members would be present. This policy and practice was indulged iti and adopted for practical reasons.
At the hearing on September 14, 1953 the record fails to show that any objection was made at any time to the hearing because one member did not participate. This objection was not even raised on the so-called petition for rehearing. The first time the objection was raised by the claimant was when he argued the motion to dismiss the petition for writ of certiorari before this Court.
On this question the case of McCoy v. Easley Cotton Mills, 1950, 218 S.C. 353, 62 S.E.2d 772, 774, points the course which should be followed in such a case as that now before the Court; In that case the Court said:
“Counsel for appellant contend that they were entitled to be heard by all members of the Commission. But we do not think appellant is in a position to make this complaint since no objection to the absence of these two members was interposed at the time of oral argument. The question was first raised on appeal to the Circuit Court. The objection came too late. Johnson v. T. B. Stewart Construction Co., 37 Ariz. 250, 293 P. 20, 21; State ex rel. Randall v. Shain,. 341 Mo. 201, 108 S.W.2d 122. It should have been made a.t the hearing before the full Commission and by failing to do so, appellant waived the right now asserted. The fact that there was no stenographer present at the hearing before the full Commission did not, as counsel for appellant seem to think, preclude them from making timely objection.
“In view of the .foregoing conclusion, we need not determine whether it is mandatory for all. members to be present when- an appeal is heard before the full Commission. We leave that question open, as well as the question of the number necessary to constitute a quorum for the transaction of business.”
It is unnecessary to decide at this time whether the order of the Commission, par *559 ticipated in by only two members, is valid or invalid, and we do not pass upon such ques-tipn.
The motion to dismiss the petition for certiorari be and the same is hereby granted.
TERRELL, ¡Acting C. J., and SEBRING and BUFORD, JJ., concur.