Virginia E. HOELSCHER, Employee,
Appellant,

v.

SEL–MOR GARMENT COMPANY, Inc., Employer, and Travelers Insurance Company, Insurer, Respondents.

No. 32945.

St. Louis Court of Appeals.
Missouri.

June 14, 1968.

Douglas W. O'Neill, St. Louis, for appellant.

Evans & Dixon, Edward W. Warner,
St. Louis, for respondents.

TOWNSEND, Commissioner.

Workmen's Compensation proceeding.

The appellant's claim for workmen's compensation was denied by the Referee on May 25, 1966. Application for Review was forwarded to the Industrial Commission by counsel for claimant. On June 17, 1966, the Commission made its finding that the Application was filed on June 15, 1966; thereupon it entered its order dismissing the application for lack of jurisdiction because of failure to file the application within the time prescribed by Section 287.-480, RSMo 1959, V.A.M.S.—twenty days. Thereafter the Claimant filed with the Commission her motion to set aside the Commission order denying her application for review. On July 12, 1966 the Commission entered its order denying the motion to set aside its order of June 17, 1966 for the reason assigned in that prior order. On the next day claimant filed her notice of appeal to the Circuit Court of the City of St. Louis, which eventually affirmed the findings and order of the Commission.

When the appeal to the Circuit Court was taken, the Commission certified its record to that Court in this form: " * * * it is hereby certified that hereto attached are all the documents and papers on file in the matter, together with a transcript of the evidence, the findings, and the award, and the same are herewith returned to the Court as provided by law." Among the documents and papers so certified were the following which had been attached to the motion:

1. Affidavit of secretary to claimant's attorney, set out more fully hereinafter.
2. Envelope addressed to the Commission at Jefferson City, with 10¢ metered postage dated June 13, 1966 bearing the return address of claimant's attorney and stamped on its face "Received June 15, 1966, Industrial Commission of Missouri".

3. To Whom It May Concern letter of J. E. Beeney, Postal Inspector.

4. Photostatic copies of mail schedules—Missouri Star Routes—St. Louis & Jefferson City S.R. and St. Louis & Kansas City R.P.O.

5. Letter from Postmaster at Jefferson City to Chairman, Industrial Commission, dated June 22, 1966.

By her affidavit, noted as 1 above, the secretary stated that, upon inquiry at the Gravois Branch Post Office in St. Louis, she was informed that a first class letter mailed there before five P.M. would be delivered at Jefferson City the next morning, that she personally delivered the letter containing the Application for Review at the Branch at 4:45 P.M., June 13, 1966, that she had the letter weighed, paid the postage, and saw it being deposited in a canvas mail bag with proper metered postage attached.

The letter of the postal inspector identified the meter from which the metered postage on the envelope at 2 had been derived as assigned to the Gravois Branch Post Office. He stated that the letter in question "would have been dispatched" from Gravois Station not later than 6:00 P.M. on June 13, and "would have arrived" at the Main Post Office not later than 7:00 P.M., and "would have been dispatched from Saint Louis" on one of two facilities, namely, Star Route leaving St. Louis at 1:01 A.M. and arriving at Jefferson City at approximately 5:30 A.M., June 14, or it "could have left Saint Louis" by train at 1:15 A.M., arriving at Jefferson City at 4:30 A.M., June 14. If either of the foregoing departures were missed, the letter "could have left Saint Louis" at 9:50 A.M. by Missouri Pacific train 17, arriving at Jefferson City at 12:45 P.M., June 14. He concluded by saying that in the absence of any report of casualty there was no reason to believe that the letter was not dispatched from St. Louis on the early morning of June 14 and in due course of processing would have been delivered in the lockbox of the addressee on June 14, 1966.

The Jefferson City postmaster by the letter at 5 above confirmed the probable arrival of the letter at Jefferson City by 5:30 A.M. or 4:30 A.M., June 14, in which event the letter would have been boxed by 9:30 A.M. If it had arrived on train No. 17, it would have been boxed by 3:30 P.M., June 14.

Section 287.480 provides:

> "If an application for review is made to the commission, within twenty days from the date of the award, the full commission, if the first hearing was not held before the full commission, shall review the evidence * * * and shall make an award and file it in like manner as specified in Section 287.470."

The appellant's argument proceeds upon the theory that if a letter enclosing the application for review is placed in the postal lockbox, maintained at Jefferson City by the Commission for the receipt of communications to it, the application for review has thereby been "made" within the meaning of the statute.[1]

It is to be observed that any consideration of the proposition so advanced by appellant is entirely dependent first upon a finding of fact that appellant's letter was placed in the Commission's lockbox by the close of the business day on June 14. We review in detail that which the appellant has advanced as evidence to support such a conclusion of fact.

■ We find, first, that the secretary's affidavit recites that she was informed by someone at the branch post office about the timed course of the mails between that branch and Jefferson City. This was of course pure hearsay. The factual statements in the balance of the affidavit, being uncontradicted, may be considered as competent evidence in the proceeding before the Commission under the holding in Thorn v. Cross, Mo.App., 201 S.W.2d 492, 497 [7].

■ The letter of the postal inspector addressed To Whom It May Concern and that of the Jefferson City postmaster addressed to the Chairman of the Industrial Commission are obviously not competent evidence and were objected to in respondent's Suggestions in Opposition to Motion to Set Aside the previous order of the Commission denying application for review. The same must be said of the Star Route and Railway Post Office schedules which are included in the transcript without explanation.

The final bit of offered evidence is the envelope addressed to the Industrial Commission with the return address of appellant's attorney, bearing postmark of June 13, 1966—stamped.

As stated, the initial factual question under appellant's theory is the time of arrival of the letter at the Commission's postal box. On that issue the only competent evidence before the Commission was that the attorney's secretary mailed the letter containing the Application for Review, postage prepaid, at the branch post office at 4:45 P.M., June 13. From that point forward there is no competent evidence as to what happened to the letter until we reach the "Received" stamp of the Commission on the envelope, dated June 15, 1966. There is not even competent evidence as to the timing of departure from, or as to the course of the mails from, the branch post office.

We do not believe that the lack of direct evidence here can be remedied by resort to permissible inferences from the evidence which is properly admitted or by resort to doctrines of judicial notice.

From the mailing of the letter at 4:45 P.M., June 13 there arises a "rebuttable presumption of fact that it was received by the addressee as soon as it could have been transmitted to him in the ordinary course of the mail". Williams v. Northeast Mutual Insurance Assn., Mo.App., 72 S.W.2d 166. In the present situation, such

---

1. In this context appellant treats the word "made" as synonymous with "filed". Cf.

Tabb v. McGinley, Mo.App., 313 S.W.2d 745.

a presumption is of no aid in the absence of some evidence as to how "soon it could have been transmitted" to addressee "in the ordinary course of the mail", for the crucial question here is when—"how soon"—it could have been transmitted to the addressee in the lockbox.

▬▬▬ Among the latest pronouncements on the subject of judicial notice is that found in English v. Old American Insurance Company, Mo., 426 S.W.2d 33, 40: "The application of the doctrine of judicial notice, either as a rule of evidence or as an instrument of judicial reasoning, is subject to well recognized limits. The basic operative condition of judicial notice is the notoriety of the fact to be noticed. It must be part of the common knowledge of every person of ordinary understanding and intelligence; only then does it become proper to assume the existence of that fact without proof."[2] We do not believe that the relations between branch and main post office, the detailed routing practices of the post office department, intra-city and inter-city, and the methods of postal transport are part of the common knowledge of every person of ordinary intelligence. While there is some authority that judicial notice will be taken of the approximate time required for the transport of mail between

two cities and its delivery in due course to the addressee, German-American Bank v. Cramery, 184 Mo.App. 481, 171 S.W. 31, yet "courts do not take judicial notice of the time of the arrival or departure of the mails or trains, of the number of mails between different places * * *." Chapman v. State ex rel. Mothersead, 129 Okl. 83, 263 P. 453, 454.[3]

▬ We do not find that from the competent evidence before it the Commission should, or could, have found that appellant's Application for Review was deposited in the Commission's lockbox on June 14, 1966. Accordingly, we do not reach the question of law attempted to be raised by appellant, namely, whether such application is "made" when the letter is deposited in the Commission's lockbox.[4]

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by TOWNSEND, C., is adopted as the opinion of this Court. Accordingly, the judgment is affirmed.

ANDERSON, P. J., WOLFE, J., and DOUGLAS W. GREENE, Special Judge, concur.

---

2. Elsewhere the term has been explained in terms of human experience showing the general certainty of a particular result, following a course or sequence of events, "so notorious as to belong to public history" which "can therefore be noticed judicially". Gamble v. Central R. & Banking Co., 80 Ga. 595, 7 S.E. 315, 317.

3. "There is no evidence to show when, in due course, the letters would have reached addressee. This fact the appellant failed to prove, and it is a fact of which the court will not take judicial notice * * * receipt at a particular time cannot be presumed unless there is proof of the course of the mails, as well as of the date of mailing * * *." At p. 454 of 263 P. Cf. French v. Banco Nacional

De Cuba, D.C., 192 F.Supp. 579, 581, where the generalized statement is made that "Since the mailing was not between two points in New York City, judicial notice of the precise date of receipt is not justified."

4. In view of the conclusions arrived at above, it has been unnecessary to discuss certain assumptions of fact made in appellant's brief as to which there is no evidence, e. g., that the Commission does not receive deliveries by postman at its offices, that the mail in the lockbox was not checked at the end of each day before the Commission's closing hour, that deliveries of mail to the lockbox were made continuously throughout the day.