**Ronald L. LONG, Respondent,**

v.

**CITY OF HANNIBAL, A Municipal Corporation, Appellant.**

**No. 46975.**

Missouri Court of Appeals,
Eastern District,
Division Five.

May 9, 1984.

Fredrich J. Cruse, City Counselor, Hannibal, for appellant.

James B. Herd, Deeba, DeStefano, Sauter & Herd, St. Louis, for respondent.

DOWD, Chief Judge.

Appellant City of Hannibal (hereinafter the City) appeals a circuit court judgment reversing a final award of the Labor and Industrial Relations Commission granting the City a credit for payment of $11,200.00 in permanent partial disability to Ronald L. Long (hereinafter employee).

In June of 1976 in the course of his employment as a police officer, employee contracted ocular histoplasmosis, a disease which causes blindness. Both of employee's eyes were infected, but his right eye deteriorated more rapidly. In February of

1978, the employee and the City executed a "stipulation of rating" agreement which provided that the City would pay employee a lump sum of $11,200.00 representing a compensation rate of $80 per week for 140 weeks as permanent partial disability for the 100% loss of sight in employee's right eye. The extent of deterioration in employee's left eye was uncertain at this point, and pending a determination, his file was held open at the Division of Workmen's Compensation.

At a hearing before the Administrative Law Judge (hereinafter ALJ), the issues of updating employee's disability status and whether it was proper to grant employee's wife a nursing services award were examined. Employee introduced evidence that his wife voluntarily quit her job to assume responsibility for their correspondence and transportation in addition to specially arranging his clothing, furniture, and reading the newspaper aloud.

On August 7, 1981, the ALJ entered an Order finding employee permanently and totally disabled and requiring the City to pay $95 per week for employee's life. The Order also granted $100 per week to employee's wife for nursing services and contained the notation "this award is subject to a credit for benefits previously paid by the employer, if any." The City then filed an appeal and an application for commutation or set-off which the Commission received on August 28, 1981. The Commission entered an order finding the employee permanently totally disabled, crediting the City for payment of $11,200.00 in permanent partial disability against the $95 per week permanent total disability award, and awarding $100 per week to employee's wife for her nursing services. Employee appealed to the Circuit Court. After a hearing, the Circuit Court reversed the Commission's Order on the grounds that the City's appeal to the Commission was not timely filed, and that the issue of a credit to the City was waived. We disagree and the circuit court's judgment is reversed.

■ The City first argues their appeal was timely filed within the requisite twenty day period since the mailing receipt was postmarked August 27, 1981. There is no question that the timely filing of an application for review of an ALJ's award in a Workmen's Compensation case is jurisdictional and requires strict compliance. *Cagle v. Regal Plastics,* 522 S.W.2d 7 (Mo. App.1975). Employee's argument however, is premised on the assumption that an appeal to the Commission is deemed filed as of the date it is received and overlooks the fact that § 287.480 RSMo 1978 specifically provides that any notice of appeal be deemed filed as of the date endorsed by the U.S. Post Office on the envelope or container in which such paper is received. While the filing of the appeal in this case was received 21 days after the ALJ's decision, the City produced what we find to be sufficient evidence that it was postmarked within twenty days as required by the statute. Specifically, at the circuit court hearing, the City offered both a mailing receipt postmarked August 27, 1981, and a letter of acknowledgment from the Commission also stating that the appeal was postmarked on that date. While the statute provides that the postmark on the envelope containing the appeal is the actual filing date, it imposes no requirements on the Commission to retain the envelopes. Absent any legislative directive to the Commission to retain the postmarked envelope, we find the postmarked mailing receipt and the letter of acknowledgment sufficient to establish the appeal in this case was filed within the requisite 20 days. To find otherwise would penalize the applicant for the Commission's failure to retain the envelope which is an occurrence clearly beyond the applicant's control.

■ Having found the Commission did in fact have the jurisdiction to review the ALJ's award, we next consider whether the Commission improperly granted a credit to the City for its previous payment of permanent partial disability. First, the Circuit Court found that the City failed to preserve the issue of a credit because it did not specifically raise it at the hearing before the ALJ. In the Workmen's Compensation

System, a decision of the ALJ is not final. An appeal from the ALJ's decision is presented to the Commission for review, and by statute, the Commission has the power to "make an award ending, diminishing, or increasing the compensation previously awarded." § 287.470 RSMo 1978. The Commission is not in any way bound by the ALJ's decision and is free to disregard the ALJ's findings of fact. *Barr v. Vickers*, 648 S.W.2d 577 (Mo.App.1983). It is also within the discretion of the Commission to reopen a claim for the receipt of additional evidence. *Cagle v. Regal Plastics Co.*, 522 S.W.2d at 8. When the appeal does reach the circuit and appellate court levels, the review by these courts is only of the Commission's decision and not of the ALJ's. *Barr v. Vickers*, 648 S.W.2d at 577; *Conover v. Missouri State Highway Department*, 618 S.W.2d 470 (Mo.App.1981). Since the decision of the ALJ is not final or in any way binding on the Commission, we find the City's failure to specifically raise the issue of a credit before the ALJ, did not result in a failure to preserve this issue for review by the Commission.

■ Moreover, the issue of a credit, while not expressly raised by the City, was at least implicitly before the ALJ as indicated by his notation on the permanent total disability award that "this award is subject to a credit for benefits previously paid by the employer, if any." Therefore, the ALJ did contemplate a subsequent claim for credit by the City in a proceeding before the Commission. Furthermore, we cannot substitute our judgment for that of the Commission and we may only reverse its judgment if the award is against the overwhelming weight of the evidence. *Lloyd v. County Electric Co.*, 599 S.W.2d 57 (Mo.App.1980). Also see *Childers v. Town and Country Suzuki Sales, Ltd.*, 624 S.W.2d 863 (Mo.App.1981). Such is not the case here.

■ Employee also argues the Commission improperly computed the amount of the credit, contending it should have been offset by an additional $3,300.00 representing thirty-three weeks of uncompensated nursing time given to the employee by his wife prior to the date the nursing services award was granted. Employee failed to raise this issue before the Commission and it was therefore not preserved for review. Questions which might have been presented to the Commission to establish a case or defense in Workmen's Compensation cannot be litigated on appeal from the Commission's awards where a party neglects to first present and litigate them before the Commission. *Bryant v. Montgomery Ward*, 416 S.W.2d 195 (Mo.App.1967); *Snow v. Hicks Brothers Chevrolet, Inc.*, 480 S.W.2d 97 (Mo.App.1972).

■ In its final point the City claims the Commission abused its discretion in granting a $100 per week nursing services award to employee's wife. Here we disagree. We find the Commission's award is supported by competent and substantial evidence and is not so excessive as to require reversal. The record details the nursing services performed by the wife along with the number of hours per week she devotes to her disabled husband and the fact that she quit her job in order to provide special assistance to him. Moreover, the award here is equal to the amount received by the wife while she was employed. The courts have uniformly upheld awards using this criteria. See *Bahner v. Bahner*, 606 S.W.2d 484 (Mo.App.1980); *Balsamo v. Fischer Body Division General Motors Corp.*, 481 S.W.2d 536 (Mo.App.1972); *Stevens v. Crane Trucking*, 446 S.W.2d 772 (Mo.1969); and *Groce v. Pyle*, 315 S.W.2d 482 (Mo.App.1958). Therefore, we cannot say the commission's award of $100 per week is excessive and against the overwhelming weight of the evidence. Point denied.

The judgment is reversed and remanded to the circuit court with directions to reinstate the Commission's order in its entirety.

CRIST, P.J., and PUDLOWSKI, J., concur.