PENN VALLEY MANAGEMENT, INC., Employer and Western Casualty & Surety Company, Insurer, Appellants,

v.

John G. ROBERTSON, Jr., Employee, Respondent.

No. WD 38477.

Missouri Court of Appeals, Western District.

Jan. 6, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 3, 1987.

Application to Transfer Denied March 17, 1987.

George G. Allen, Jr., Kansas City, for appellant.

Steven J. Streen, Kansas City, for respondent.

Before GAITAN, P.J., and TURNAGE and CLARK, JJ.

CLARK, Chief Judge.

Respondent, a former employee of appellant, was awarded compensation for an occupational disease contracted during his employment by appellant. The final decision on the claim was entered by the Labor and Industrial Relations Commission on August 12, 1985. The employer sought to appeal to the circuit court but the case was dismissed on the ground that the notice of appeal was filed out of time. The sole question in the case is whether the deposit of the notice of appeal in the mail within the statutory period of thirty days preserved the right to appeal even though the notice was not received by the Commission until thirty-two days after the final decision.

The facts are not in dispute. The notice of appeal was prepared by appellant, it was properly addressed to the Commission in Jefferson City and it was delivered to the United States Post Office on September 9, 1985, a Monday. The notice was received at the Commission office the following Friday, September 13, 1985. The mailing envelope was saved and showed postage affixed by a postage meter maintained in the office of appellant's attorney. The date of September 9, 1985, was imprinted from the meter but there was no cancellation by the post office. The custom and practice at the post office is not to cancel metered mail unless the date imprinted by the meter is different from the date the mail is received by the post office.

The circuit court dismissed the appeal ruling that the jurisdictional requirement of § 287.490, RSMo. Cum.Supp.1984 had not been met in that the date of filing the notice of appeal was more than thirty days from the date of the final award. Appellant argues here that its appeal was timely and relies for that contention on § 287.480, RSMo.1978, which reads in part:

"Any notice of appeal, application or other paper required under this law to be filed with the division or the commission shall, when mailed to and received by the division or the commission, be deemed to be filed as of the date endorsed by the United States post office on the envelope or container in which such paper is received."

The issue presented is whether proof of mailing other than an endorsement of a mailing date by the post office is sufficient to meet the conditions of the above quoted statute. We conclude it is not.

The procedural requirements of the Worker's Compensation Law relating to review and appeal are jurisdictional and require strict compliance by the parties. *Cagle v. Regal Plastics Co.*, 522 S.W.2d 7, 9 (Mo.App.1975). Prior to the amendment of § 287.480 in 1974 to provide for a filing date indicated by a United States postal service postmark, § 287.490, RSMo.1969

was construed to require actual delivery of the notice of appeal to the office of the Commission within the thirty day period without exception caused by a delay in delivery of the mails. *Holmes v. Navajo Freight Lines, Inc.,* 488 S.W.2d 311, 314 (Mo.App.1972). The amendment of the statute created a limited exception to the thirty day filing requirement and permitted a filing date to be established based on the postmark endorsed by the United States Post Office. It has been consistently held in cases where a liberal construction of the limitation statute is urged that a literal and strict construction is required. *Tabb v. McGinley,* 313 S.W.2d 745, 748 (Mo.App. 1958).

In the present case, appellant contends in effect that § 287.480, RSMo.1978 should be liberally construed so that jurisdiction of an appeal will not be lost if the appellant can prove by some means other than a "date endorsed by the United States post office on the envelope" that the notice of appeal was deposited in the mail before the limitation expired. Despite the hardship on appellant who was evidently unaware that the post office does not cancel metered mail, the fact is that general proof of mailing does not comply with the statute on which appellant relies.

The only case which has been found treating the current version of § 287.480, RSMo.1978 in regard to a notice of appeal sent by mail is *Long v. City of Hannibal,* 670 S.W.2d 567 (Mo.App.1984). There, an appeal was taken to the Commission from a decision by an administrative law judge. A period of twenty days is allowed for filing the notice. The City mailed the notice to the Commission where it was received on the twenty-first day. The envelope in which the notice had been mailed could not be located, but the City produced a mailing receipt postmarked as of the twentieth day following the decision. The court held that the postmarked receipt was equivalent to a postmarked envelope and this was sufficient compliance with § 287.480, RSMo. 1978 to establish the posted date as the date of filing.

The *Long* case is distinguishable in that appellant there did have a postmark endorsed by the United States Post Office. It is evident in this case that the post office endorsed no date of mailing and that proof of mailing depends on appellant's affidavit and the date from a postage meter under appellant's control. Had the legislature intended a broader means of complying with the filing provision by mail, it could easily have so worded the statute to require only that the notice be deposited in the mail within the limitation period. Instead, the language imposes the necessity for independent verification by imprint of the post office on the mailing envelope. One obvious purpose for such language is to avoid use of affidavits and other collateral sources of proof.

There is no suggestion or inference that appellant's affidavits are unreliable, that there was any improper adjustment of the postage meter or that the notice was not in fact mailed on September 9, 1985. The decision here, as in the trial court, is based solely on the failure of appellant to meet the condition necessary to avoid the consequence of the admittedly late filing of the notice in the Commission office. The statute must be literally construed and strictly applied. Late filing of the notice of appeal may not be excused merely on proof by affidavit of when the notice was mailed.

It has been repeatedly demonstrated that the postal service, although normally reliable, cannot always be depended upon for prompt delivery. In this case, the four days required to deliver a letter from Kansas City to Jefferson City, a distance of some 150 miles, is unreasonable but not unforeseeable. The prudent appellant, facing expiration of a filing deadline, is well advised not to depend on the postal service except where no other option for delivery exists. Also, litigants who expect to rely on § 287.480, RSMo.1978 and who do arrange for a date of mailing endorsed on the envelope by the post office, as the statute requires, should be aware that the Commission is not required to save the envelopes. Proof of compliance with the statute is therefore uncertain unless a mailing receipt

postmarked as in *Long v. City of Hannibal, supra,* is obtained and retained.

The judgment is affirmed.

All concur.