**Odia PATTERSON, Employee–Appellant,**

v.

**ST. LOUIS UNIVERSITY HOSPITAL, Employer/Self–Insurer–Respondent.**

**No. 56599.**

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 7, 1989.

Harry James Nichols, St. Louis, for employee-appellant.

James B. Kennedy, St. Louis, for employer/self-insurer-respondent.

CARL R. GAERTNER, Judge.

Employee filed a Worker's Compensation claim for injuries allegedly sustained by an accident arising out of and in the course of his employment. On January 5, 1989, the Administrative Law Judge found in favor of the employer-insurer and entered an award of no compensation. On January 25, 1989, employee's attorney delivered to Federal Express an Application for Review by the Labor and Industrial Relations Commission. The application was received by the Commission on January 26, 1989, 21 days after the date of the award. The Commission ruled the application was untimely filed and dismissed the application for lack of jurisdiction.

The right of review of an award by the Labor and Industrial Relations Commission is controlled by § 287.480 RSMo.1986. The statute provides the application must be "made to the Commission within 20 days from the date of the award." This language has consistently been construed as requiring receipt of the application by the Commission within the 20 day period. *Hoelscher v. Sel–Mor Garment Co.*, 430 S.W.2d 745 (Mo.App.1968). In 1974, the statute was amended by the addition of the following provision:

> "Any notice of appeal, application or other paper required under this law to be filed with the Division or the Commission shall, when mailed to and received by the Division or the Commission, be deemed to be filed as of the date endorsed by the United States Post Office on the envelope or the container in which such paper is received." (§ 287.480 RSMo. 1974).

In its order of dismissal, the Commission ruled, "Absent any endorsement by the United States Post Office, the application for review is deemed filed as of the date received, January 26, 1989, and, therefore, is untimely." Employee urges us to reverse this ruling by adopting a liberal interpretation of the statute equating the undated shipper's receipt of Federal Express with the endorsement of a filing date by the United States Post Office.

■ The timely filing of an application for review in a Worker's Compensation case is jurisdictional and requires strict compliance with the statutory requirements. *Knuckles v. Apex Industries, Inc.,* 762 S.W.2d 542, 543 (Mo.App.1988). Failure to comply with the statutory time for appeal results in a lapse of jurisdiction and of the right of appeal. *Id.* Although the Worker's Compensation law should be liberally construed in favor of employees, it has been consistently held that a literal and strict construction of the limitation statute is required. *Penn Valley Management, Inc. v. Robertson,* 724 S.W.2d 661, 663 (Mo.App.1987); *Tabb v. McGinley,* 313 S.W.2d 745, 748 (Mo.App.1958).

■ The 1974 amendment to § 287.480 created an exception to the requirement that an application for review be received by the Commission within 20 days from the date of the award. That exception, however, is expressly limited. In order to establish a filing date, an application must have a postmark as the endorsement from the United States Post Office on the envelope or container. This exception has been addressed in two prior cases.

In *Long v. City of Hannibal,* 670 S.W.2d 567 (Mo.App.1984) an employer's application for review was received on the 21st day after the date of award. The employer produced a mailing receipt on which the United States Post Office had endorsed a postmark on the 20th day. Furthermore, the Commission, although it had not retained the envelope, acknowledged that it was postmarked on the 20th day. We found the combination of the postmarked receipt and the Commission's acknowledgment sufficient to establish timely filing under the statute. *Id.* at 569.

On the other hand, *Penn Valley Management v. Robertson,* 724 S.W.2d 661 (Mo.App.1987) presents a graphic example of strict and literal construction of the statutory exception. In *Penn Valley,* the Notice of Appeal was mailed in an envelope showing postage affixed by a postage meter in the attorney's office on the last day for filing under the statute. No postmark was endorsed on the envelope by the United States Post Office because of its policy not to cancel metered mail unless the date imprinted by the meter is different from the date the mail is received by the Post Office. Our brethren in the Western District affirmed dismissal of the appeal holding that only an endorsement by the United States Post Office is sufficient to meet the statutory requirement.

There is no suggestion or inference that appellant's affidavits are unreliable, that there was any improper adjustment of the postage meter or that the notice was not in fact mailed on September 9, 1985. The decision here, as in the trial court, is based solely on the failure of appellant to meet the condition necessary to avoid the consequences of the admittedly late filing of the notice in the Commission office. The statute must be literally construed and strictly applied. Late filing of the notice of appeal may not be excused merely on proof by affidavit of when the notice was mailed. *Penn Valley Management* at 663.

■ *Long* and *Penn Valley* lead to the conclusion that the exception to the requirement of receipt by the Commission is limited to proof of mailing verified by the United States Postal Service. Had the Legislature intended a broader means of complying with the filing by mail provision, it could have easily so worded the statute to accept proof of mailing by affidavit or through endorsement by a private dispatching service. In this case, employee's effort to establish a mailing date consists of his unverified motion supported by an undated receipt from Federal Express showing only that an overnight letter was sent by his attorney to the Labor and Industrial Relations Commission. This falls far short of meeting the statutory conditions which invoke the exception.

The order of the Labor and Industrial Relations Commission dismissing the application for review is affirmed.

STEPHAN and HAMILTON, JJ., concur.