Zachary T. **BURK**, Appellant,

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION, DIVISION OF EMPLOYMENT SECURITY, and City of Marceline, Respondents.**

**No. WD 44812.**

Missouri Court of Appeals, Western District.

Jan. 14, 1992.

Dan J. Pingelton, Columbia, for appellant.

Ninion S. Riley, Jefferson City, for respondents.

Victorine R. Mahon, Jefferson City, for Division of Employment.

Before BERREY, P.J., and ULRICH and HANNA, JJ.

PER CURIAM.

Zachary T. Burk appeals the dismissal of his claim for unemployment benefits by an appeals referee of the Division of Employment Security (hereinafter "the Division"). The Labor and Industrial Relations Commission affirmed, adopting the decision of the appeals tribunal. The circuit court subsequently affirmed in a proceeding for judicial review. At issue is the timeliness of the filing of the notice of appeal in the Division.

The dismissal is reversed.

Burk's application for unemployment benefits was denied by the Division in a determination letter dated August 20, 1990. The letter notified Burk of his right to appeal in person or by mail no later than September 4, 1990. The provisions also stated that, "If appeal is by mail the United States post office postmark date will be the date filed."

Burk eventually contacted an attorney who prepared the notice of appeal on the afternoon of September 4. The attorney ran the envelope containing the notice through his licensed private postage meter, then deposited it in a U.S. mailbox after 5 p.m. on September 4. The Division received the notice of appeal the next day on September 5 at its office in Chillicothe. The only mark appearing on the envelope was the imprint of the private postage meter which was dated September 4, 1990.

The Division dismissed Burk's claim because it refused to recognize the date affixed by the private postage meter as evidence of timely filing, and because it actually received the notice of appeal one day after the statutory time limit.

Time limitations and filing directives for appeals in unemployment benefit proceedings are established by statute. Under § 288.070.4, RSMo Supp.1990, an appeal must be filed within fifteen calendar days of the date of the determination letter. Section 288.240, RSMo 1986, makes provisions for the deemed filing date of a mailed notice of appeal:

Any notice of appeal, application or other paper required under this law to be filed with the division or commission shall, when mailed to and received by the division or the commission, be deemed to be filed as of the date endorsed by the United States post office on the envelope or container in which such paper is received.

On appeal Burk argues error in dismissing his claim for untimely filing. He asserts that his administrative appeal should be considered as timely filed, urging that an imprint of a private postage meter is the equivalent of an endorsement by the United States post office.

The Missouri Supreme Court recently reversed a dismissal in a nearly identical context. *Abrams v. Ohio Pacific Express*, 819 S.W.2d 338 (Mo. banc, 1991), involved a mailed application for review in a workers' compensation proceeding, which bore the imprint of a private postage meter dated on the last day for filing. Although delivered the next day, the application was dismissed because it was received one day after the statutory deadline. *Id.* 819 S.W.2d at 339. The applicable statute, § 287.480, RSMo 1986, deemed the filing date of the mailed application to be the "date endorsed by the United States post office on the envelope or container in which such paper is received." The supreme court in *Abrams*, 819 S.W.2d at 343, concluded that "a date inscribed on an envelope by a licensed postage meter and delivered to the addressee by the United States post office is the date 'endorsed by the United States post office on the envelope.'"

The facts and law in *Abrams* are sufficiently similar to those in this case as to require reversal of the dismissal. In both cases, the mailed appeal notices were canceled by private postage meters licensed by the U.S. post office; both notices were dated on the last day of the statutory time period; and both notices were delivered one day out of time. The basis for the dismissal in each case was the deemed filing date set forth in §§ 287.480 and 288.240 which contain identical wording.

Further, in accepting the cancellation of a private postage meter as the equivalent of a United State post office endorsement, the *Abrams* case adopted arguments sim-

ilar to those advanced by Burk. United States postal authorities license and regulate the use of private postage meters, require accurate dating of metered mail, and impose sanctions on those who abuse a postage meter license. *Id.* 819 S.W.2d at 340. Public policy favors a liberal construction of statutes governing the right to appeal. *Id.* 819 S.W.2d at 341.

Because Burk prevails on the issue of timely filing, his other points on appeal will not be considered. The dismissal of his appeal is, accordingly, reversed and the cause is remanded to the circuit court with directions to remand the case to the Labor and Industrial Relations Commission, Division of Employment Security with directions to reinstate Burk's appeal.