Grace A. PETTUS, Claimant–Appellant,

v.

The KROGER COMPANY,
Employer–Respondent,

and

CNA Insurance Company,
Insurer–Respondent.

No. 68843.

Missouri Court of Appeals,
Eastern District,
Division One.

April 2, 1996.

Schnapp, Fulton, Fall, McNamara & Silvey, L.L.C., Robin Edward Fulton, Fredericktown, for Appellant.

Evans & Dixon, George T. Floros, St. Louis, for Kroger.

KAROHL, Judge.

Claimant–Employee appeals dismissal of her "APPLICATION FOR REVIEW" of an award made by the Administrative Law Judge (ALJ) on her claim for injuries under the Workers' Compensation Act. The Labor and Industrial Relations Commission (Commission) dismissed the application after finding it was untimely under § 287.480 RSMo 1994. Employer and insurer have not participated in the appeal.

On April 27, 1991, employee was injured in a work related, automobile accident. She sustained injuries when a vehicle in which she was a passenger was struck by another automobile. She filed a workers' compensation claim alleging permanent and total disability. On June 21, 1995, an ALJ heard the case and found employee failed to satisfy her burden of proof that she was permanently and totally disabled solely as a result of the automobile accident. The ALJ awarded her permanent partial disability.

Employee filed an "APPLICATION FOR REVIEW" postmarked with a postage meter date, July 11, 1995. There was also printing across the meter stamp reading July 12, 1995. The Commission dismissed the application as untimely because it was postmarked July 12, 1995. This appeal followed.

Employee cites *Abrams v. Ohio Pacific Exp.*, 819 S.W.2d 338 (Mo. banc 1991) as support. We find *Abrams* controlling. In *Abrams*, an award was made by a law judge on April 5, 1990. *Id.* at 339. On April 25, 1990, the envelope containing an application for review was stamped by a postage meter. *Id.* The application was delivered on April 26, 1990. *Id.* The Missouri Supreme Court analyzed provisions of the Domestic Mail Manual which authorized postal customers to apply for a license to possess and use postage meters. *Id.* at 340. It observed "[t]he date inscribed by the meter is required to be the actual date of deposit of the mail (or the next scheduled collection day)." *Id.* It also recognized metered mail must be examined by a postal employee for accurate dating. *Id.* The court interpreted § 287.480 RSMo 1986 and held "a date inscribed on an envelope by a licensed postage meter and delivered to the addressee by the United States post office is the date 'endorsed by the United States post office on the envelope.'" *Id.* at 343. Therefore, the court reversed the Labor and Industrial Relations Commission order dismissing employer's application for review. *Id.* at 343.

An application for review must be made to the Commission within twenty days from the date of the award. Section 287.480 RSMo 1994. Section 287.480 RSMo 1994 also provides the following:

> ... Any notice of appeal, application or other paper required under this law to be filed with the division or the commission shall, when mailed to and received by the division or the commission, be *deemed to be filed* as of the date *endorsed* by the United States post office on the envelope or container in which such paper is received. (Our emphasis).

In the present case, the ALJ entered a final award on June 21, 1995. The ALJ rejected employee's claim for permanent and total disability. The award also resolved a subrogation issue so employer and insurer could recover some of the workers' compensation benefits paid to employee. The ALJ denied future medical aid to employee. On July 11, 1995, employee mailed an "APPLICATION FOR REVIEW" to the Division of

Workers' Compensation. Postage was placed on the envelope by a postage meter bearing the date of July 11, 1995. The application provided in the legal file bears a "FILED" stamp by the Commission, dated July 12, 1995. We find the date imprinted by the postage meter, July 11, 1995 is not only the mailing date, but also qualifies as the date of endorsement under § 287.480 RSMo 1994. On these facts employee's application was endorsed, as required by § 287.480 RSMo 1994, within twenty days of the award.

The order of dismissal is reversed. The "APPLICATION FOR REVIEW" is remanded to the Commission for consideration on the merits.

REINHARD, P.J., and GRIMM, J., concur.