Eugene R. Severs, d/b/a MacMillan Oil Company, appellee,
v. M. L. Abrahamson, State Treasurer, et al., appellants.

No. 51088.

(Reported in 124 N.W.2d 150)

OCTOBER 15, 1963.

REHEARING DENIED DECEMBER 10, 1963.

Evan Hultman, Attorney General, and Frank D. Bianco, Assistant Attorney General, both of Des Moines, for appellants.

Keith E. McWilliams, of Des Moines, for appellee.

THORNTON, J.—Plaintiff is a motor-vehicle fuel jobber. On April 30, 1962, he deposited his tax remittance for March in a United States mailbox in Des Moines. The envelope was postpaid and properly addressed. It bore a postage meter stamp dated April 30, 1962, at Des Moines, Iowa. No other postmark or cancellation appeared on the envelope. The envelope was received in the treasurer's office May 2, 1962. The treasurer assessed a ten percent penalty under section 324.64, Code of Iowa, 1958, on the theory the remittance was not postmarked and therefore not filed on time under section 324.60, Code of Iowa, 1958.

Section 324.60, Code of Iowa, 1958, provides:

"The reports and remittances required under this chapter shall be deemed filed within the required time if postpaid, properly addressed and postmarked on or before midnight of the day on which due and payable. * * *."

The above section was enacted by the Fifty-seventh General Assembly in 1957. It is a known fact that postage meters had been in common business use long before that time. Congress first enacted legislation bearing on the use and handling of postage meters in 1920. Since then, pursuant to congressional authority, the postmaster general has promulgated

rules and regulations bearing on the use and handling of the postage meters and the mail run through them. We take judicial notice of such rules and regulations. Banks v. Carrell, 241 Iowa 786, 791, 43 N.W.2d 142. No one dealing with mail, or providing for use of the postal system, can be heard to say he did not intend the use to be in accord with post-office department rules and regulations and the Acts of Congress. Only Congress regulates the mails in this country. United States Constitution, Article I, section 8.

We think the General Assembly is charged with such knowledge in enacting section 324.60. It was enacted as a part of a comprehensive revision of the Motor Vehicle Fuel Tax Law, chapter 164, Fifty-seventh General Assembly. In the course of the enactment, section 324.67, the General Assembly provided for notices to licensees by registered mail on two occasions, and ordinary mail on one. That the General Assembly is familiar with restricted certified mail, see section 321.501, Code of Iowa, 1958.

Thirty billion pieces of metered mail are handled each year by the post-office department, 295,000 postage meter machines are in daily use. Charles Pomeroy Collins in his article, "The Validity of Postmarks", in the April 1961 issue of the American Bar Association Journal, states metered mail represents forty-five percent of all mail and more than half of all business mail. It seems the business community, comprised of those paying the type of tax we have here, finds postage meters expeditious and sufficient for their use.

We are required to construe words and phrases according to the context and the approved usage of the language, technical words and phrases according to their technical meaning. Section 4.1(2), Code of Iowa, 1962. Though "postmark" is peculiar to the mails it is a word commonly used and understood. It is not necessary to consider it as a technical word.

The most recent definition to come to our attention is in Webster's Third International Dictionary. "Postmark" as a noun is there defined as, "an official postal marking on a piece of mail; specifically, a mark showing the name of the post office

982

and the date and sometimes the hour of mailing and often serving as the actual and only cancellation."

This definition includes both the meter stamp affixed by the sender and the postmark affixed by a post-office employee.

A meter stamp is considered a postmark in the following postal regulations:

"143.11. Use of Meter Stamps. You may pay postage by printing meter stamps with a postage meter on any class of mail. Metered mail is entitled to all the privileges and subject to all the conditions applying to the various classes of mail."

"143.12. Benefits. Postage meters facilitate the purchase, control, and affixing of postage. Metered mail does not require facing, canceling, and postmarking in the post office, and can therefore be dispatched more quickly."

"143.46. Date of Mailing. Meter stamps must show the date of mailing on all first-class mail, special delivery, special handling, or airmail; on all mail sent registered, insure, or COD; and when printed on separate tapes used on first-class mail. The month and year must be shown on tapes on second, third and fourth-class mail, but the day may be omitted. When tapes are not used the date may not be shown in meter stamps on second, third or fourth-class mail."

"143.47. Hour of Mailing. The hour of mailing may be shown only on first-class, air, or special delivery mail, and then only when it is mailed in time to be dispatched at the hour shown."

"324.563. Postmarking. Do not postmark metered mail, except registered mail which must be postmarked on the back and meter reply mail. See 324.566 for treatment when wrong date or hour appears in meter stamp. Any irregularities in mailing shall be noted and brought to the attention of the license holder."

"324.566. Wrong Date. Run metered mail bearing the wrong date or hour of mailing through the canceling machine or otherwise postmark to show the proper date and hour and dispatch. Use POD Form 3611 to call the irregularity to the attention of the mailer. If the irregularity is repeated, inform

the head of the firm rather than the office employee who prepares the matter for mailing. If a mailer disregards such notices and frequently presents mail bearing an incorrect date or hour, you may turn the mail back with instructions to enclose in new envelopes bearing the correct date and hour, if any, in the meter stamp."

"143.15. Control. After a meter has been delivered to you, you must keep it in your custody until turned over to the authorized manufacturer or to the post office. Tampering with or misuse of a meter is punishable by law." .

"143.82(f). The meter die must include a postmark to print the name of the city and State from which mail is dispatched and the date of mailing. The postmark must be printed at the left of but adjacent to the denomination stamp and may be either included in an overall design with the denomination stamp or separated from it. Provision must be made so that the date may be either printed or omitted as required by the Post Office Department on the various classes of mail. Provision may be made to print an hour of mailing either within or in a close position outside the postmark. Provision may also be made to print designations such as 'Non-profit Org.', and the like, adjacent to and in the same operation with the meter stamp. The denomination die must not be completely exposed at any time during the process of installing or removing postmark dies, daters, hour type, or special designation slugs or when changing the date."

Though the meter stamp is affixed by the sender, the foregoing regulations provide all the necessary safeguards as to the correct date of mailing. Though the hour of mailing may appear, it is not required by the regulations or section 324.60, Code of Iowa, 1958. Section 324.60 requires the remittance to be postmarked before midnight, this fact appears from the date alone. Anytime after midnight is the next day. If such occurred it would be corrected to show the proper date.

We have carefully examined the interesting articles by James Robert Nielsen in the American Bar Association Journal of September 1960, Volume 46, page 949, and by Mr. Collins, American Bar Association Journal of April 1961, Volume 47,

984

page 371. These serve to show those so disposed may pervert either the meter stamp or the postmark affixed by the postal employee.

An additional safeguard is that knowing and willful misuse of the meter is a crime. Title 18, U. S. C. A., chapter 47, section 1001. Lawful conduct is presumed. Redfield v. Iowa State Highway Commission, 251 Iowa 332, 343, 99 N.W.2d 413, 85 A. L. R.2d 96; and McCormick on Evidence, section 309, page 649.

■ Miller Oil Co. v. Treasurer of State, 252 Iowa 1058, 109 N.W.2d 610, is not in point here on the facts. However, by running the envelope through the postage meter plaintiff did comply with the third requirement, of seeing it was postmarked before midnight, pointed out at pages 1061, 1062 of 252 Iowa, page 612 of 109 N.W.2d.

We think the General Assembly intended to include in the term "postmarked" as used in section 324.60, Code of Iowa, 1958, both the affixing by the sender of a meter stamp by use of a postage meter to an envelope deposited in the mail and the affixing of a postmark by a post-office employee. Both serve the same purpose and have the same safeguards. If the legislature had intended otherwise it would have so stated. Where more safeguards are desired it has so stated.

The decree of the trial court is right, and is—Affirmed.

All JUSTICES concur.