# IN THE COURT OF APPEALS OF IOWA

No. 21-0752
Filed April 13, 2022

**LUANA SAVINGS BANK,**
Plaintiff-Appellant,

**vs.**

**JOHN EVELAND, ET AL.,**
Defendant-Appellee.

_____

Appeal from the Iowa District Court for Clayton County, Alan Heavens, Judge.

Luana Savings Bank appeals the district court's order granting judgment in favor of John Eveland. **AFFIRMED.**

John E. Lande and William M. Reasoner of Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, for appellant.

Charles P. Augustine of Klatt, Augustine & Rastede, P.C., Waterloo, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**VAITHESWARAN, Judge.**

This appeal involves a tax sale under Iowa Code chapter 446 (2019), the right of redemption under chapter 447, and issuance of a tax deed under chapter 448.

A county treasurer is to offer property subject to delinquent taxes for public sale. *See* Iowa Code § 446.7. The purchaser will receive a tax sale certificate from the county. *Id.* § 446.29. The property owner, or an interested party such as a mortgagee, has two years to redeem the property from the certificate holder. *Id.* §§ 447.1, .5. After one year and nine months, the tax sale certificate holder may serve a notice, stating in part, "the right of redemption will expire and a deed for the parcel be made unless redemption is made within ninety days from the completed service of notice." *Id.* § 447.9. "The notice shall be served by both regular mail and certified mail to the person's last known address and such service is deemed completed when the notice is deposited in the mail and postmarked for delivery." *Id.* § 447.9(1). The right of redemption period "begins as provided in section 447.12." *Id.* Under that section, "[s]ervice is complete only after an affidavit has been filed with the county treasurer." *Id.* § 447.12. Once the ninety-day deadline expires, the county treasurer must issue the tax certificate holder a tax deed. *Id.* § 448.1. "Where service is incomplete, the right of redemption is not cut off and no valid tax deed can issue." *Nelson v. Forbes*, 545 N.W.2d 576, 582 (Iowa Ct. App. 1996). "[T]he statutory provisions as to notice found in chapter 447 must be strictly complied with before parties are deprived of their property." *Id.*; *see Rehr v. Guardian Tax Partners, Inc.*, No. 16-1962, 2017 WL 1401569, at *3–5 (Iowa Ct. App. Apr. 19, 2017) (affirming the district court's finding that the affidavit

of service did not comply with section 447.12 where it failed to specify the individual who served the notice).

Luana Savings Bank (LSB) held a mortgage on real estate located in Clayton County, Iowa. When the owner failed to keep up with property tax payments, the county put the property up for sale. John Eveland paid the delinquent taxes and received a tax sale certificate. In time, Eveland's attorney served LSB and others with a notice of expiration of the right of redemption. Eveland's attorney used metered mail rather than a United States Postal Service postmark on the notice sent to LSB. He followed up by filing an affidavit of service with the Clayton County Treasurer. The property was not redeemed during the ensuing ninety-day redemption period, and the county treasurer conveyed a tax deed to Eveland.

LSB sued Eveland and others alleging "defects in the [a]ffidavit of [c]ompleted [s]ervice." LSB asked the district court to set aside the tax sale because "it did not receive notice of its right of redemption as required by Iowa Code [chapter] 447." Eveland filed a motion for summary judgment, which the district court denied. Following trial, the court filed a comprehensive order addressing each aspect of the notice, service, and affidavit requirements. The court concluded LSB did not show "that Eveland failed to comply with any statutory requirements necessary to receive a tax deed." In a second equally comprehensive order, the court denied LSB's motion for enlarged findings and conclusions.

The primary issue LSB raises on appeal is whether the notice Eveland mailed to LSB was properly "postmarked for delivery" within the meaning of Iowa

Code section 447.9(1), in light of the attorney's use of a postage meter.[1] The Iowa Supreme Court addressed the question in *Severs v. Abrahamson*, 124 N.W.2d 150, 153 (Iowa 1963). There, the court was asked to decide whether a postage meter satisfied a statutory postmark requirement contained in what is now Iowa Code section 452A.61.[2] *Severs*, 124 N.W.2d at 151–53. The court began with the "known fact that postage meters had been in common business use long before" the time the statute was enacted. *Id.* at 151. Indeed, "the postmaster general . . . promulgated rules and regulations bearing on the use and handling of the postage meters and the mail run through them." *Id.* After taking "judicial notice of such rules and regulations," the court cited several regulations equating meter stamps with postmarks. *Id.* at 153. Applying a common definition of "postmark" which included "both the meter stamp affixed by the sender and the postmark affixed by a post office employee," the court concluded

> the General Assembly intended to include in the term "postmarked" as used in [now section 452A.61] both the affixing by the sender of a meter stamp by use of a postage meter to an envelope deposited in the mail and the affixing of a postmark by a post office employee.

---

[1] LSB also takes issue with Eveland's claimed failure to "send the expiration notice by certified mail." Eveland counters that LSB did not raise that claim at trial and it is not preserved. In fact, the claim was raised and addressed. The district court stated, "Paragraph 3 of Eveland's affidavit (Exhibit B) states the notices were sent by certified mail and there are certified mail return receipts in evidence (Exhibit C). Eveland clearly sent the expiration notice to LSB via certified mail." On our de novo review, we discern support for the court's finding. *See Strong v. Jarvis*, 524 N.W.2d 675, 677 (Iowa Ct. App. 1994) (setting forth standard of review).
[2] The court construed Iowa Code section 324.60 (1958), which stated: "The reports and remittances required under this chapter shall be deemed filed within the required time if postpaid, properly addressed and postmarked on or before midnight of the day on which due and payable." *Severs*, 124 N.W.2d at 151. That provision has not materially changed.

*Id.* at 153.[3]  The court reasoned, "Both [postmarked mail and metered mail] serve the same purpose and have the same safeguards.  If the legislature had intended otherwise it would have so stated.  Where more safeguards are desired it has so stated."  *Id.*

LSB contends "*Severs* is no longer controlling" because the opinion "relied on postal regulations and definitions that were in effect in 1963."  True.  But the substance of those postal regulations and definitions has not changed.  The regulations quoted by the court on the "[u]se of [m]eter stamps," logistical details of usage, the benefits of meter stamps, and safeguards for ensuring a correct date of mailing have been incorporated into the United States Postal Service's Domestic Mail Manual, which in turn has been incorporated into the Federal Register, thereby becoming an official rule of the agency.  39 C.F.R. § 111.1 (2022); *see* U.S. Postal Serv., *Domestic Mail Manual: 604 Postage Payment Methods and Refunds* §§ 4.1.1, 4.1.2(a), 4.1.5, 4.2.1, 4.6.3,  https://pe.usps.com/text/dmm300/604.htm#ep1080496 (last visited Apr. 5, 2022) (defining postage meters as "postage evidencing systems" that "allow download, storage, and accounting of postage in the device"; stating "[m]ailers may use postage evidencing systems, as provided by standard, to affix or apply indicia on any class of mail except [p]eriodicals and [b]ound [p]rinted [m]atter"; authorizing deposit of metered mail "at any Postal Service facility"; and stating a customer who enters into an agreement authorizing the use of postage evidencing systems "accepts responsibility for

---

[3] LSB cites the *Black's Law Dictionary* definition of "postmark."  But the court stated "[i]t is not necessary to consider it as a technical word."  *Severs*, 124 N.W.2d at 152.

control and use of the system and agrees to abide by all rules and regulations governing its use").[4]  As the court underscored almost half a century ago,

> No one dealing with mail, or providing for use of the postal system, can be heard to say he did not intend the use to be in accord with post office department rules and regulations and the acts of Congress. Only Congress regulates the mails in this country.  U.S. Const., art. I, § 8.  We think the General Assembly is charged with such knowledge in enacting section 324.60.

*Severs*, 124 N.W.2d at 151–52.  *Severs* is controlling.  In the district court's words:

> The case for distinguishing *Severs* out of existence due to subsequent events since 1963 is not well supported.  To the contrary, LSB's position is severely undermined by the many states who followed the lead of the Iowa Supreme Court and found that private meter marks are "postmarks" under statutes which are required to be strictly construed.  *Severs* has all the appearances of a fine wine getting better with age as opposed to the stale beer LSB thinks it is.

On our de novo review, we fully concur in the court's findings, analysis, and conclusion.  Eveland satisfied the requirements of sections 447.9 and .12 and was entited to a tax deed.

**AFFIRMED.**

---

[4] LSB points to a Postal Service handbook containing a definition of postmark.  *See* U.S. Postal Serv., *About* § 1-1.3, https://about.usps.com/handbooks/po408/ch1_003.htm (last visited Apr. 5, 2022).  While the handbook defines a postmark as "an official Postal Service imprint applied in black ink on the address side of a stamped mailpiece," it also states, "[p]ostmarks are not required for mailings bearing a permit, meter, or precanceled stamp for postage, nor to pieces with an indicia applied by various postage evidencing systems."  *Id.*